### Richmond

BRISTOL DISTRIBUTING COMPANY, INC. V. SOUTHERN
EXPRESS COMPANY.

January 12, 1915.

1. INTOXICATING LIQUORS — *Interstate Shipments — Webb-Kenyon Law—To What Cases Applicable.*—It not being a violation of the law of the State of North Carolina for a common carrier to receive, transmit and deliver intoxicating liquors to parties in that State for their personal use, such shipments are not prohibited by the act of Congress known as the Webb-Kenyon law, for that statute only applies to shipments or transportation made in violation of the law of the State into which the shipment is made.

Appeal from a decree of the Corporation Court of the city of Bristol. Decree for the defendant. Complainant appeals.

*Reversed.*

The opinion states the case.

*A. Gray Gilmer,* for the appellant.

*Powell, Price & Shelton,* for the appellee.

BUCHANAN, J., delivered the opinion of the court.

This suit was instituted by the appellant, Bristol Distributing Company, against the Southern Express Company, to compel the latter to receive from the appellant packages containing wines, whiskeys, beers and other liquors for transportation from Bristol to Newland and other mentioned points in the State of North Carolina and deliver the same at such points to the parties to whom con-

signed, and to restrain the appellee from refusing to accept such shipments.

Upon a hearing of the cause the relief prayed for was denied and the appellant's bill dismissed. From that decree this appeal was granted.

Two errors are assigned—the first, that the corporation court erred in holding that the act of Congress, known as the Webb-Kenyon Law, was constitutional; and, second, if that act be a valid law, the court erred in holding that the statute of the State of North Carolina, entitled, "An act to prevent the delivery and sale of intoxicating liquors in Mitchell and Avery counties," came within the purview of the Webb-Kenyon law, or, if it did, that the said statute of the State of North Carolina was void because in conflict with the Constitution of the United States.

The statute of the State of North Carolina, the application and validity of which is denied by the plaintiff in error, is as follows, so far as it affects this case:

"*An act to prevent the delivery and sale of intoxicating liquors in Mitchell and Avery counties.*

"The General Assembly of North Carolina do enact:

"Section 1. That the place of delivery of any spirituous, vinous, malt or other intoxicating liquors or drink containing alcohol, by whatever name known, within the counties of Mitchell and Avery, shall be construed as the place of sale, and the person, company, firm or corporation delivering the same in said counties shall be considered the seller thereof, within the meaning of this act, whether he be acting for himself or as the agent of another.

"Section 2. That if any person shall keep in his possession liquors to the quantity of more than one quart within either of the said counties, it shall be *prima facie* evidence of his keeping it for sale within the meaning of this act.

·    ·    ·    ·    ·    ·    ·    ·

' "Section 6. That any person, firm or corporation bring-
ing into the counties of Mitchell and Avery for delivery to
any person, corporation, firm or company for gain or profit,
to loan or give away liquors, the sale of which is prohibited
by this act, shall be guilty of a misdemeanor.

"Section 7. That any person, firm or corporation violat-
ing any of the provisions of this act shall be guilty of a mis-
demeanor, and upon conviction shall be fined not less than
fifty dollars or imprisoned not less than thirty days, in the
discretion of the court."   Ch. 201, Public Laws, etc., 1913,
Extra Session.

At the time the decree complained of was entered and
when this appeal was argued, the scope and the validity of
that statute had not been passed upon by the Supreme Court
of North Carolina.   Since then that court, in the case of
*Southern Express Company* v. *City of High Point* (N. C),
83 S. E. 254, has construed a statute of that State, which
reads as follows:

"That it shall be unlawful for any person  . . .  firm or
corporation to sell  . . .  or dispose of for gain, or keep
for sale  . . .  within High Point township, any spiritu-
ous, vinous, malt or other intoxicating liquors, . . . that
any person, . . . firm or corporation bringing into High
Point township for delivery to any person or corporation,
company or firm, any liquors the sale of which is prohibited
by this act, shall be guilty of a misdemeanor and fined or
imprisoned in the discretion of the court."

In construing that statute the Supreme Court of North
Carolina held that it prohibited any person, firm or corpo-
ration from bringing into and delivering liquor in High
Point to be kept for sale; that the statute "is directed solely
at the importation of liquor for sale and not at the importa-
tion for personal use, which so far has been held to be for
a lawful purpose."   The court said in its opinion that, "It

must be borne in mind that the General Assembly of North Carolina has not up to this time (October 26, 1914) undertaken to prohibit the introduction of liquor into this State for individual consumption. . . . The furthest that the general State law has gone as affecting an individual who imports liquor for his own use, is to make the possession of more than a certain quantity at one time *prima facie* evidence of a purpose to sell."

In the case under consideration it is agreed that the packages of whiskey, etc., which the complainant sought to compel the defendant, the Southern Express Company, to carry and deliver were in quantities not exceeding one gallon, and were each for the personal use of the party to whom it was consigned, and that each package had been paid for in full by the consignee prior to the time it was delivered to the appellee for shipment.

It not being a violation of the law of the State of North Carolina for a common carrier to receive, transmit and deliver liquors to parties in that State for their personal use, such shipments were not prohibited by the Webb-Kenyon law, for that statute only applies to shipments or transportation made in violation of the law of the State, etc., into which the shipment is made.

It follows from this that the defendant, Southern Express Company, ought to have received, transported and delivered the packages which it refused to receive, and that the trial court erred in not so holding. The decree complained of must, therefore, be reversed, and this court will enter such decree as ought to have been entered.

*Reversed.*