## 12490.   OSBORNE *v*. THE STATE.

1. That the court refused a request of counsel to allow the twenty-four jurors put upon the defendant to be called separately, and required to rise and remain standing until the next juror was called, was no cause for new trial; a list of twenty-four jurors having been furnished (with direction to strike therefrom) to counsel, who, after the twenty-four were put upon the accused, accepted the first twelve and went to trial.

2. An assignment of error, that the court refused to allow counsel to prove "other statements made under oath" by the accused as a witness at the trial of a different case in another court, saying that it made no difference what other statements were so sworn to, shows no cause for a new trial, it not appearing what other statements counsel desired to prove. Complaint in the brief of counsel in this court, but not in the assignment of error, that the judge, in rejecting the offered testimony, expressed an opinion "as to what the evidence showed or did not show," does not avail.

3 No error requiring a new trial is shown by the exceptions to instructions to the jury.

4. The evidence authorized the verdict.

DECIDED JUNE 30, 1921.

Indictment for possessing intoxicating liquor; from Fulton superior court — Judge Tarver presiding. April 30, 1921.

Application for certiorari was denied by the Supreme Court.

*T. J. Ripley, W. M. Bailey*, for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens*, contra.

BROYLES, C. J.   1.   There is no substantial merit in the following ground of the motion for a new trial: "A new trial should be granted because the court refused to allow the twenty-four jurors put upon the defendant on the trial to be called separately and distinctly and made to rise and remain standing until the next juror was called, at the time when the defendant was put upon trial in said case, request having been made by the defend-

ant's counsel to have the jury called separately for the purpose of striking said jury. After said twenty-four jurors were put upon the defendant, counsel for defendant accepted the first twelve and went to trial. A list of twenty-four jurors was furnished counsel prior to this agreement, and he was directed to strike therefrom."

2. A ground of the motion for a new trial is as follows: "A new trial should be granted because during said trial the court refused to allow the defendant's counsel, after asking the witness for the State, officer W. L. Payne, if he heard all of Anthony Osborne's statement while under oath on the trial of Amelia Osborne in the Federal court, and the court refused to allow defendant's counsel to prove by this witness other statements made under oath by Anthony Osborne at the time that he admitted to the witness, or swore on the trial in said Federal court, that he was the head of the house on which premises the liquor was found, said court saying at the time that it made no difference what other statements were made, or what other evidence was sworn to by Anthony Osborne on that trial, and was immaterial." It does not appear from this ground what were the "other statements made under oath by Anthony Osborne" that the defendant desired to prove, or whether this proof would have benefited or harmed the defendant. This ground does not complain that in making his ruling excepted to the judge expressed "an opinion as to what the evidence showed or didn't show." Such complaint is made only in the brief of counsel for the plaintiff in error, and cannot be considered by this court.

3. None of the excerpts from the charge, excepted to, when considered in the light of the entire charge and the facts of the case, shows reversible error. Moreover, in none of the excerpts is the alleged error pointed out, the only averment being that "the charge was error."

4. The accused was charged with possessing whisky. The undisputed evidence showed that ten gallons of corn whisky, in one-gallon tin cans, was found buried six or eight inches under the ground in a coal-house on the defendant's premises and "a little distance" from his dwelling-house. The defendant, in his statement to the jury, admitted all these facts, but denied that the

whisky was his, or that he knew it was there, or knew who it belonged to. He offered no explanation whatever as to how the whisky happened to be there, or how such a quantity could have been buried in his coal-house and near his dwelling-house without his consent or knowledge. Neither the evidence nor the defendant's statement showed that any one, outside of his own family (of which he admitted being the head), lived or worked on the premises, or near by. The court fully and correctly charged on the law of circumstantial evidence; and the jury evidently found that the defendant had offered no sufficient explanation as to the whisky being on his premises, and rejected his statement as to knowing nothing about its being there. Under these particular facts this court cannot say, as a matter of law, that the jury were not authorized to find that the circumstantial evidence adduced was sufficient to exclude every *reasonable* hypothesis save that of the defendant's guilt; and, the finding of the jury having been approved by the trial judge, this court is without authority to interfere. The cases cited by the learned counsel for the plaintiff in error are distinguishable by their peculiar facts from this case.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*