## �containerRichmond.

### EDWARD MOORE V. COMMONWEALTH.

March 16, 1922.

Absent, West, J.

1. INTOXICATING LIQUORS—*Prohibition Act—Evidence Sufficient to Support Conviction.*—In the instant case two police officers procured a search warrant to search the premises of accused for intoxicating liquors. The officers testified that they found several gallons of corn whiskey concealed in different places on the premises. Accused testified in his own behalf, denying all knowledge of the whiskey, but introduced no other evidence. *Held:* That, by section 28 of the prohibition law (Acts 1918, p. 599), the evidence was sufficient to support a conviction for violation of the prohibition law.

2. INTOXICATING LIQUORS—*Possession as Prima Facie Evidence of Guilt—Others Residing on Premises—Section 28 of the Prohibition Law.*—Under section 28 of the prohibition law (Acts 1918, p. 599), the finding of ardent spirits on the premises owned and occupied by the accused is *prima facie* evidence of the unlawful manufacturing, selling, keeping and storing for sale by accused, notwithstanding that others lived on the premises, renting rooms from accused.

Error to a judgment of the Corporation Court of the city of Norfolk.

*Affirmed.*

The opinion states the case.

*Tomlin & Maupin,* for the plaintiff in error.

*John R. Saunders, Attorney General; J. D. Hank, Jr., Assistant Attorney General,* and *Leon M. Bazile, Second Assistant Attorney General,* for the Commonwealth.

PRENTIS, J., delivered the opinion of the court.

The accused has been found guilty of a violation of the prohibition law (Laws 1918, c. 388), and is here assigning a single error—that is, that the evidence is insufficient to justify the conviction.

[1] It is not necessary to recite all of the testimony, though there is little conflict. It appears that two police officers of the city of Norfolk procured a search warrant, authorizing a search of the premises of the accused for intoxicating liquors. No such liquor was found in the dwelling, but in the back yard, within the curtilage, they found in the garage about one gallon of corn whiskey, and in the tool box of the automobile belonging to the accused, then in the garage, a gallon jug about one-half full of corn whiskey. As they were about to enter the garage with the accused and his wife, one of the officer's attention was attracted by the wife, who appeared to be making her way to the weeds growing near the side of the garage, and following her he found there a box containing thirteen half-pint bottles and one pint bottle all filled with corn whiskey. They also found two pints of corn whiskey concealed in the privy in the yard, and in a chicken coop one gallon of corn whiskey, and on the premises a bag partly full of corks and empty pint bottles. These facts were testified to by both of the officers. The accused testified in his own behalf and introduced no other evidence. He denied all knowledge of the whiskey, but testified that the automobile was his exclusive property, and that no one else had any right to the possession of the garage or chicken coop; that while he owned and occupied the premises with his wife and one child, his brother-in-law, a man about forty years old, and his half-brother, about twenty-six years old, lived on the premises, renting rooms from him, both of whom were there on the night of the search.

By section 28 of the prohibition law (Acts 1918, p. 599), it is provided that, "Whenever ardent spirits shall be seized in any room, building, boat, car, or other place searched under the provisions of this act, the finding of such ardent spirits * * * in any such place shall be *prima facie* evidence of the unlawful manufacture, selling, keeping and storing for sale, gift or use by the person or persons occupying such premises * * * and the proprietor or other person in charge of the premises where such ardent spirits are found" shall be indicted and tried therefor. It is clear, then, under this statute, that the unexplained and uncontradicted facts which we have recited fully justify the conviction.

[2] The mere suggestion that some of the other occupants of the premises may have been also guilty may be true, but this does not warrant the acquittal of the accused. So to construe this statute would be to thwart its manifest design, to suppress the illicit traffic in ardent spirits, would under the evidence in this case result in the acquittal of all of such occupants and thereby give aid and comfort to all others who contemptuously disregard the law.

*Affirmed.*