# CRIMINAL CASES.

## Wytheville.

### BILL BARKER v. COMMONWEALTH.    No. 71.

June 20, 1922.

1. INTOXICATING LIQUORS—*Prohibition Act—Blanket Form of Indictment—Right to Bill of Particulars.*—Accused was indicted in the form authorized by section 7 of the prohibition act (Acts 1918, p. 578), and before the trial began he moved for a bill of particulars.

   *Held:* That accused was entitled to know specifically for which of the several offenses with which he was charged he was to be prosecuted.

2. INTOXICATING LIQUORS—*Prohibition Act—Blanket Form of Indictment—Sufficiency of Bill of Particulars.*—Accused was indicted for violation of the Prohibition Act in the blanket form of indictment authorized by section 7 of that act (Acts 1918, p. 578) and asked for a bill of particulars. In response to this action, the prosecutor stated that he would prosecute only for selling, transporting and giving away ardent spirits. The specification as to the sale, for which offense accused was convicted, was as definite as would have been necessary in an indictment for the illegal sale of ardent spirits before the enactment of the statute authorizing the form of indictment now permissible under the prohibition act.

   *Held:* That the bill of particulars now necessary under such an indictment should not be required to be more specific than a separate indictment or count for such an offense.

3. INTOXICATING LIQUORS—*Prohibition Act—Indictment for Selling—Sufficiency of Bill of Particulars.*—In an indictment for the sale of intoxicating liquors in violation of the prohibition act, it is not necessary to allege a sale to any particular person at any particular time, so long as the time is within one year prior to the finding of the indictment, and a bill of particulars asked for when the indictment is in the blanket form need not be more specific.

4. INTOXICATING LIQUORS—*New Trial—Evidence Sufficient to Support Verdict—Case at Bar.*—In the instant case accused was convicted

of the illegal sale of ardent spirits.    Accused alleged that the evidence was of such a vague and uncertain character as to time and place that he might easily hereafter be indicted, tried and convicted on the same state of facts.    The evidence sufficiently identified three illegal sales of ardent spirits to the same purchaser within the year, the places of such sales and the presence of another witness on two of the occasions.

*Held:*    That this was sufficient.

Error to a judgment of the Circuit Court of Lee county.

*Affirmed.*

The opinion states the case.

*Pennington & Pennington*, for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General*, and *Leon M. Bazile, Second Assistant Attorney-General*, for the Commonwealth.

PRENTIS, J., delivered the opinion of the court.

The accused has been convicted of the illegal sale of ardent spirits, sentenced to imprisonment for six months, and fined $500.    He assigns and relies on two errors.

[1-3] 1.    Before the trial began he moved the court to require the attorney for the Commonwealth to furnish him with a bill of particulars.    As the indictment was in the form authorized by section 7 of the prohibition act (Acts 1918, p. 578), he was entitled to know specifically for which of the several offenses with which he was charged he was to be prosecuted. *Pine & Scott* v. *Com'th*, 121 Va. 812, 93 S. E. 652. In response to this motion, the prosecutor stated that he would prosecute only for three of the offenses charged in the indictment, namely, for selling, transporting and giving away ardent spirits.    The speci-

fication as to the sale is as definite as would have been
necessary in an indictment for the illegal sale of ardent
spirits before the enactment of the statute authorizing
the form of indictment now permissible under the
Prohibition Act. It seems clear that the bill of par-
ticulars now necessary under such an indictment should
not be required to be more specific than a separate
indictment or count for such an offense. It is admitted
by the attorney for the accused that in such an in-
dictment "it is not necessary to allege a sale to any
particular person at any particular time, so long as
the time is within one year prior to the finding of the
indictment," and this is well established by the pre-
cedents in this State. *Commonwealth* v. *Dove*, 2 Va.
Cas. (4 Va.) 26; *Hulstead* v. *Commonwealth*, 5 Leigh
(32 Va.) 724; *Fletcher* v. *Commonwealth*, 106 Va. 846,
56 S. E. 149; *Runde* v. *Commonwealth*, 108 Va. 873,
61 S. E. 792; *Clopton* v. *Commonwealth*, 109 Va. 813,
63 S. E. 1022; *Dix* v. *Commonwealth*, 110 Va. 907,
67 S. E. 344.

[4] 2. He also complains that the court erred in
refusing to set aside the verdict upon the ground that
the evidence was of such a vague and uncertain charac-
ter as to time and place that he might easily hereafter
be indicted, tried and convicted on the same state of
facts. As to this it is only necessary to say that the
evidence sufficiently identifies three illegal sales of
ardent spirits to the same purchaser within the year,
the places of such sales and the presence of another
witness on two of the occasions. Of these sales he
has been convicted, and this conviction can be pleaded
in bar of any future prosecution for either of these
offenses. *Hitt* v. *Commonwealth*, 131 Va. 752, 109 S.
E. 597.

*Affirmed.*