Syllabus.

# Wytheville.

## RICHARD COOPER v. COMMONWEALTH, No. 75.

June 20, 1922.

1. INTOXICATING LIQUORS—*Indictment and Information—Omnibus Count—Sufficiency of Bill of Particulars.*—The indictment charged accused in the omnibus count with the unlawful sale, transportation, etc., of ardent spirits. Accused called for a bill of particulars, and the prosecutor stated orally that he elected to prosecute for "selling ardent spirits." Accused insisted that he should be informed of the time and place of such sale, but the court refused to require any further bill of particulars or fuller information.

    *Held:* No error.

2. INTOXICATING LIQUORS—*Second Offense—Sufficiency of Evidence to Establish First Offense.*—Accused was charged with selling ardent spirits in violation of the prohibition act, and the indictment further alleged that the offense thus charged was a second offense. To establish the fact that accused had been convicted of a prior offense under the prohibition law, a judgment was produced showing that accused had been convicted "on an indictment for violation of the Mapp Law (new case)."

    *Held:* The "Mapp Law" is the common designation of the state prohibition statute, and the judgment of conviction was sufficient evidence of conviction of a violation of some provision of the prohibition statute.

3. INTOXICATING LIQUORS—*Second Offense—Prior Violation of Any Provision of the Prohibition Act.*—Under section 5 of the prohibition law (Acts 1918, ch. 388), a conviction of a prior violation of any provision of the prohibition act before the commission of the second offense is sufficient to warrant the penalty imposed for a second offense.

4. INTOXICATING LIQUORS—*New Trial—Sufficiency of Evidence to Sustain Conviction.*—In the instant case an indictment for selling ardent spirits in violation of the prohibition act, the fact of the purchase was proved beyond reasonable doubt, and under the evidence the time of the purchase presented a question for the jury, with whose findings, under the testimony, the court could not interfere.

Error to a judgment of the Circuit Court of Lee county.

*Affirmed.*

The opinion states the case.

*Pennington & Pennington*, for the plaintiff in error.

*John R. Saunders, Attorney-General; J. D. Hank, Jr., Assistant Attorney-General*, and *Leon M. Bazile, Second Assistant Attorney-General*, for the Commonwealth.

Burks, J., delivered the opinion of the court.

The plaintiff in error, hereinafter called the accused, was convicted of a second offense of violating the prohibition law (Acts 1918, Ch. 388, p. 578), and sentenced to confinement in.jail for twelve months and to pay a fine of $500.00. The petition for the writ of error assigns five errors, alleged to have been committed by the trial court. The fourth assignment of error is abandoned, and the petition admits that the fifth assignment raises the same question that is raised by the second.

The indictment contains two counts. The first count is the "omnibus count," charging the unlawful sale, transportation, etc., of ardent spirits. The second count charges that prior to the commission of the offense charged in the first count, to-wit, on December 12, 1919, the accused had been convicted of violating the prohibition law, and that the offense now charged was "a second offense committed by the said Richard Cooper, in violation of sections 3, 3a, 4 and 5 of chapter 388, Acts of 1918."

[1] The first assignment of error is that when the case was called for trial, the accused called for a bill of particulars, and the prosecutor stated orally that he elected to prosecute for "selling ardent spirits." The accused, however, insisted that he should be informed

of the time and place of such sale, but the court refused to require any further bill of particulars or fuller information.   In this there was no error.   *Barker* v. *Commonwealth, ante* p. 633, 112 S. E. 798, decided today.

[2, 3] The second assignment of error is the insufficiency of the evidence to establish the first conviction. This was established by the production of the judgment of conviction showing that the accused had been convicted in the court in which the present trial was being had on December 12, 1919, "on an indictment for violation of the Mapp law (new case)," and sentenced to pay a fine of $50.00 and to confinement in jail for thirty days.   "Mapp Law" is the common designation of the State prohibition statute, and the judgment of conviction was sufficient evidence of conviction of a violation of *some* provision of the prohibition statute.   Under section 5 of the act (Acts 1918, Ch. 388), a conviction of a prior violation of *any* provision of the prohibition act before the commission of the second offense was sufficient to warrant the penalty imposed by the jury by their verdict.   That section declares: "Any person who shall violate any of the provisions of this act shall, except as otherwise herein provided, be deemed guilty of a misdemeanor, * * *.   The penalty for any subsequent offense committed after the first conviction, which is not declared a felony by this act, shall be a fine of not less than one hundred dollars, nor more than five thousand dollars, and imprisonment in jail for not less than six months nor more than one year."

[4] The only other assignment of error is, that the verdict was contrary to the law and the evidence. There was some confusion in the testimony as to the exact date on which the second offense was committed.

H. Bishop, the main witness for the Commonwealth, produced a book in which he said he had gotten his wife to put down the date, and that date was January 31, 1921. But this witness testified: "I would not swear to the date, but will tell you the month (referring to book)—in January;" and on cross-examination: "We put it down with the intention of doing it right, but I would not swear it was right." Another witness for the Commonwealth, when asked if he had bought any whiskey from the accused within the last twelve months, stated that he was with Bishop when he bought it. The accused proved an alibi on January 31, 1921. The fact of the purchase was proved beyond reasonable doubt—indeed was not denied—and the time of the purchase presented a question for the jury, with whose finding, under the testimony, we cannot interfere.

We find no error in the judgment complained of and it is affirmed.

*Affirmed.*