## Richmond.

## FITZPATRICK V. COMMONWEALTH.

### January 18, 1923.

1. INTOXICATING LIQUORS—*Indictment and Information—Date of Finding—Case at Bar.*—In the instant case an indictment under the prohibition act was in the omnibus form allowed by section 7 of that act, and charged the commission of the offense within one year prior to the finding of the indictment. It did not show on its face the date or term of court at which it was found, but the record showed the term at which it was found.

   *Held:* That there was no error in overruling a demurrer to the indictment on the ground that the indictment did not show on its face the finding of the indictment within one year from the commission of the alleged offense.

2. INDICTMENTS, INFORMATIONS AND PRESENTMENTS—*Date of Finding of Indictment—Statute of Limitations.*—It is not necessary for an indictment to show on its face the date of finding, even where the statute of limitations is material.

3. INTOXICATING LIQUORS—*Bill of Particulars—Sufficiency.*—Upon an indictment in the omnibus form under section 7 of the prohibition act, accused called for a bill of particulars which, when furnished, was objected to on the ground that it was insufficient in that it did not give the date of sale nor the name of the purchaser of the liquor.

   *Held:* That there was no error in overruling the objection to the bill of particulars.

4. BILL OF PARTICULARS—*Sufficiency—General Rule.*—If the facts stated in a bill of particulars would be sufficient, if stated in an indictment, the bill of particulars is sufficient.

5. CRIMINAL LAW—*Commonwealth's Attorney—Bill of Particulars—Information to be Given Accused.*—While the punishment of crime is a necessity, the Commonwealth wishes to give to every one accused of crime a fair and impartial trial, and full notice and a fair opportunity to meet every charge preferred against him. There is no desire to take any one by surprise, or to leave in doubt any of the particulars of the offense. In the prosecutions in the trial courts, the attorney for the Commonwealth represents the State in this respect, and as such representative should give the accused the information needful for his defense, where available, and otherwise assure him of a fair and impartial trial.

6. INTOXICATING LIQUORS—*New Trial—Verdict Contrary to the Law and the Evidence—Case at Bar.*—In the instant case, a prosecution under the prohibition act, the sale of the whiskey within the year was abundantly proven, if the jury believed the testimony offered by the Commonwealth. Although the testimony of the witness for the Commonwealth was conflicting and contradictory, yet he. fixed no date more than a year before the finding of the indictment as the date of the sale testified to by him.

*Held:* That since the credibility of the witness was a question solely for the jury, if they believed him and found the accused guilty, notwithstanding the testimony offered by the defendant, the verdict of the jury could not be properly disturbed either by the trial or the appellate court.

Error to a judgment of the Hustings Court of the city of Portsmouth.

*Affirmed.*

The opinion states the case.

*R. H. Bagby*, for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General*, and *Leon M. Bazile, Second Assistant Attorney-General*, for the Commonwealth.

BURKS, J., delivered the opinion of the court.

The plaintiff in error was convicted of violating the prohibition law (Acts 1918, c. 388) by selling whiskey, and sentenced to confinement in jail for three months and to pay a fine of $100.

[1] The indictment was in the "omnibus" form allowed by section 7 of the act, and charged the commission of the offense "within one year prior to the finding of this indictment." It did not show on its face the date, or term of the court at which it was found, but the record shows that it was found at the February term, 1921, of the court. There was a demurrer to the indict-

ment, and the ground of the demurrer was that the indictment did not show on its face the finding of the indictment within one year (the period of limitation) from the time of commission of the alleged offense.

[2] There was no error in overruling the demurrer. The record showed the date of finding of the indictment and that is all that was necessary. It is not necessary for an indictment to show on its face the date of finding, even where the statute of limitations is material.

[3-5] The plaintiff in error called for a bill of particulars, and the prosecuting attorney furnished the following:

"Bill of Particulars.

"(1) Selling ardent spirits on December 31, 1920;

"(2) Selling ardent spirits during the month of December, 1920;

"(3) Selling ardent spirits within one year next preceding the finding of this indictment.

"As charged in the indictment."

This was objected to as insufficient, but the objection was overruled and exception taken.

In *Barker* v. *Commonwealth* (No. 71), 133 Va. 633, 112 S. E. 798, it was held that it was not necessary to give the date of a sale of liquor under the prohibition law, nor the name of the purchaser; that if the facts stated in a bill of particulars would be sufficient, if stated in an indictment, the bill is sufficient. No error, therefore, was committed in overruling the objection to the bill of particulars. It may be said, in this connection, without special reference to the case at bar, that, while the punishment of crime is a necessity, the Commonwealth wishes to give to every one accused of crime a fair and impartial trial, and full notice and a fair opportunity to meet every charge preferred against him. There is no

desire to take any one by surprise, or to leave in doubt any of the particulars of the offense which it is necessary for an accused to know in order to concert his defense. In the prosecutions in the trial courts, the attorney for the Commonwealth represents the State in this respect, and as such representative should give the accused the information needful for his defense, where available, and otherwise assure to him a fair and impartial trial.

As said in the *Mohler Case*, 132 Va. 713, 111 S. E. 454: "The attorney for the Commonwealth represents the people of the State, who, in their collective capacity, are just as anxious that innocent men shall be acquitted as they are that guilty men shall be punished. The prosecuting attorney is selected for the purpose of representing this sentiment."

[6] The only other assignment of error is that the verdict was contrary to the law and the evidence. The sale of the whiskey within the year was abundantly proved, if the jury believed the testimony offered by the Commonwealth. The witness for the Commonwealth made many conflicting and contradictory statements about different events, and there was some confusion about the exact dates of the sales testified to by him, but he fixed no date more than a year before the finding of the indictment. However this may be, the credibility of the witness was a question solely for the jury. They believed him and found the accused guilty, notwithstanding the testimony offered by the defendant. Under these circumstances, the verdict of the jury could not be properly disturbed either by the trial court or this court. The judgment of the trial court must, therefore, be affirmed.

*Affirmed.*