## STATE, Respondent, v. EDGAR JOHNSON and FRED RODRIGUES, Appellants.

[227 Pac. 1052.]

CRIMINAL LAW—SPECIFICATIONS OF ERROR—POSSESSION OF INTOXICAT-
ING LIQUOR.

1. A general specification of error that the evidence is insuffi-
cient to sustain the verdict, without stating the particulars in
which it is alleged to be insufficient, does not, under C. S., sec.
9068, require this court to consider such specification.

2. A general assignment of error, without any specification of
particulars wherein it is claimed that the verdict or judgment is
against the evidence or contrary to law, is too indefinite to be con-
sidered, and an appellate court will not consider such assignment
or search the record in order to ascertain whether such a general
specification is well founded.

3. Under C. S., sec. 8087, which requires that in every crime
or public offense there must exist an intent or joint operation of
act and intent or criminal negligence, a person cannot be con-
victed for unlawful possession of intoxicating liquor unless his
possession, whether it be actual or constructive, is with his
knowledge or consent.

4. Under C. S., sec. 2606, making the possession of intoxicating
liquor unlawful without regard to the intent of such possession,
it is not necessary that the liquor be taken from the person of
the defendant or found in the dwelling-house which he occupies.
It is sufficient if it be found upon the premises over which he
exercises such dominion and control as ordinarily obtains with
regard to one's dwelling-house and the premises adjacent thereto,
in the absence of any attempted explanation.

APPEAL from the District Court of the Seventh Judicial
District, for Washington County. Hon. B. S. Varian, Judge.

Publisher's Note.

Power to prohibit the keeping of intoxicating liquor irrespective of
any intention to sell it in violation of law, see notes in 19 Ann. Cas.
163; Ann. Cas. 1916A, 285; Ann. Cas. 1916E, 780; Ann. Cas. 1917E,
695; 24 L. R. A., N. S., 172; 26 L. R. A., N. S., 394; L. R. A. 1917D,
172.

Judgment of conviction for unlawful possession of intoxicating liquor. *Affirmed.*

Harris, Stinson & Harris, for Appellants.

The possession of intoxicating liquor, in order to be a crime, must be had knowingly, or at least by the connivance or with the consent of the possessor. (*Ex parte Baugh,* 30 Ida. 387, 164 Pac. 529.)

Possession of intoxicating liquor to be a crime must be had knowingly, intentionally and unlawfully. (C. S., sec. .8087; *State v. Omaechevviaria,* 27 Ida. 797, 152 Pac. 280.)

A. H. Conner, Attorney General, and James L. Boone, Assistant, for Respondent.

Where the insufficiency of the evidence to support the verdict and judgment is assigned as error, it is necessary to specify the insufficiency. (*State v. Snook,* 34 Ida. 403, 201 Pac. 494; *State v. Sayko,* 37 Ida. 430, 216 Pac. 1036.)

Possession of intoxicating liquor may be either actual or constructive. (*State v. Sheehan,* 33 Ida. 103, 196 Pac. 532.)

The question of unlawful possession is a question of fact for the jury. The evidence is sufficient to sustain the verdict. (*Osborne v. State,* 27 Ga. App. 271, 108 S. E. 81; *Hogg v. State,* 18 Ala. App. 179, 89 So. 859; *Moore v. Commonwealth,* 132 Va. 738, 111 S. E. 127.)

Where there is sufficient competent evidence upon which to base a verdict, the judgment will be affirmed. (*State v. Sterrett,* 35 Ida. 580, 207 Pac. 1071.)

WILLIAM A. LEE, J.—Appellants, Edgar Johnson and Fred Rodrigues, were jointly charged with the unlawful possession of intoxicating liquor and upon trial were convicted of the charge. From the judgment of conviction this appeal is taken. They make the following assignments of error: (1) The evidence is insufficient to justify the verdict; (2) The verdict is against the evidence; (3) The verdict is against law; (4) The judgment of the court is against law.

These assignments raise only the question of the insufficiency of the evidence to justify the verdict.

C. S., sec. 9068, reads:

" . . . . Upon an appeal from a final judgment of conviction, if a reporter's transcript of the evidence appears in the record, the ground that the verdict is contrary to the evidence may be considered and determined to the same extent as on an appeal from an order denying a new trial, *Providing,* a specification of the particulars in which the evidence is insufficient to sustain the verdict is made in appellant's brief filed with the supreme court."

Appellants fail to specify in what particulars the evidence is insufficient to sustain the verdict. Under repeated holdings of this court a general specification to the sufficiency of the evidence to sustain the verdict without specifying in what particulars it is insufficient will not, under this section, require this court to consider the specification. (*State v. Sayko,* 37 Ida. 430, 216 Pac. 1036; *State v. Poulos,* 36 Ida. 453, 212 Pac. 120; *State v. Snook,* 34 Ida. 403, 201 Pac. 494; *State v. Maguire,* 31 Ida. 24, 169 Pac. 175.)

It is a general rule of procedure in appellate courts that where the assignments are general, without any specification of particulars wherein it is claimed that the verdict or judgment thereon is not sustained by the evidence, or are against law, such assignments are too indefinite and the appellate court will not ordinarily consider such assignments or search the record in order to ascertain whether such specifications are well founded. The law presumes that where one has a substantial ground of complaint with regard to the action of the court below, such person should be required to state with some degree of particularity what it is, and not require the appellate court to embark upon an exploratory examination of the record in order to find it.

After the case was submitted on briefs without oral argument, appellants asked leave and were permitted to file a supplemental brief specifying wherein the evidence is insufficient to sustain the verdict or the judgment thereon, in that it is not made to appear in the transcript that the

liquor found on the premises of appellants was or ever at any time had been in the possession of appellants or either of them, or that it was on said premises with the knowledge or consent of either of said appellants. In addition to this, that part of the original brief filed, under the general heading, "Argument," does discuss the particulars in which the evidence is claimed to be insufficient to support the verdict. In view of this state of the record we conclude to consider this assignment upon its merits.

C. S., sec. 2606, in part reads:

"It shall be unlawful for any person, firm, company or corporation, its officers or agents, to sell, manufacture or dispose of any intoxicating liquor or alcohol of any kind or to have in his or its possession or to transport any intoxicating liquor or alcohol unless the same was procured and is so possessed and transported under a permit as hereinafter provided . . . . "

Since the enactment of this statute (Sess. Laws 1915, c. 11, sec. 2, p. 42), this and other courts in states having a similar statute have quite uniformly held that the intention with which one has possession of intoxicating liquor is immaterial. Appellants predicate their contention for a reversal of the verdict and judgment of conviction solely upon the ground that the evidence fails to show that they had either actual or constructive possession of the liquor found upon the premises where they were residing at the time the same was searched and the liquor found, and further, that the evidence is insufficient to convict for a violation of this statute unless it is shown that the liquor was there with their knowledge, consent or connivance. They rely upon C. S., sec. 8087, which provides that "In every crime or public offense there must exist a union, or joint operation, of act and intent, or criminal negligence"; also upon the rule announced in *In re Baugh*, 30 Ida. 387, 164 Pac. 529, where it is held that in order to sustain a charge of unlawful possession of intoxicating liquor under this statute, where such possession is merely constructive, it must be shown that the liquor was brought upon the prem-

ises of the accused, or came into his actual or constructive possession with his knowledge or consent. We adhere to the rule announced in that case. Any other construction of this statute would render an accused liable if liquor was placed in his constructive possession without his knowledge and against his will. Such a construction of this statute would make every citizen liable to a conviction for an offense he could not have consciously intended to commit.

The undisputed testimony in this case is that on May 20, 1921, the sheriff of Washington county, with two of his deputies and the chief of police of Weiser, at about 5:30 o'clock in the afternoon searched the house and premises where appellants were living; that they found some empty gallon jugs on the back porch of the house that smelled of moonshine whisky; that upon going into the yard in the rear of the premises the officers found four bottles of moonshine whisky in different places about the premises, some being concealed in the grass and one bottle underneath a pole; that appellant Johnson had resided in this house approximately two years and Rodrigues had resided there some two or three weeks. This place appears to have been the residence of appellants at the time the search was made and the liquor found. It appears to have been an ordinary residence in the town of Weiser, situated upon a lot or lots which appellants were occupying as their domicile at the time of the search, over which they were exercising such dominion and control as one exercises with regard to his dwelling place. The two women at the house appeared to be engaged in cooking in the kitchen, while the men were in the front part of the house, at the time of the officers' arrival.

The facts with regard to the possession of this liquor are quite different from those shown in *In re Baugh, supra,* where the liquor was brought into the public storeroom of Baugh during business hours and deposited in the front part of the building where it was found by the officers, and neither he nor his employees engaged in conducting the business in this public storeroom were shown to have had

any knowledge with regard to the contents of the receptacle containing this liquor, the petitioner himself being out of the city at the time.

In its facts the instant case is more nearly similar to that of *Osborne v. State,* 27 Ga. App. 271, 108 S. E. 81, where upon a charge of possession of whisky the undisputed evidence showed that ten gallons of corn whisky in one-gallon tin cans, was found buried six or eight inches under the ground in a coal-house on defendant's premises, a little distance from the dwelling-house. In that case the defendant denied that the whisky was his or that he knew it was there or knew to whom it belonged. Defendant in his evidence failed to show that anyone outside of his family lived or worked upon the premises or near by, and the appellate court held that the trial court having correctly charged the jury on the law of circumstantial evidence, the evidence was sufficient to sustain the verdict, in the absence of any explanation as to how the whisky came to be on his premises.

In the instant case defendants offered no evidence. There was no explanation as to how this liquor came to be in their yard in the rear of the house where they were living. They were not required to offer any evidence on their behalf tending to deny the possession of the liquor, but where the facts and circumstances of the possession were sufficient circumstantial evidence, in the absence of any explanation or any denial of possession, to sustain the charge, it is analogous to the effect given to evidence of possession of recently stolen goods, where no denial or explanation of the possession is offered.

In order to commit the offense of possession of liquor denounced by this statute, it is not necessary that the liquor be taken from the person of the defendant or even that it be found in the dwelling-house which he occupies. It is sufficient if it be found upon the premises over which he exercises such dominion and control as ordinarily obtains with regard to one's dwelling-house and the premises adjacent thereto. Thus in the case of *Hogg v. State,* 18 Ala.

App. 179, 89 So. 859, it was held sufficient to sustain the conviction for unlawful possession of whisky for the state to show that the whisky was found on the roof of an adjoining building where a window of defendant's room opened out upon such roof, and there being other incriminating circumstances tending to connect the defendant with such possession, the court saying that it was found in such close proximity to and connected with defendant's room as to be a part of the *locus in quo* and sufficient to make it a question of fact for the jury.

In the case of *Moore v. Commonwealth,* 132 Va. 738, 111 S. E. 127, that court held that although no liquor was found in the dwelling, but in the back yard, within the curtilage, was found in the garage a gallon of corn whisky, and in the tool-box of the automobile belonging to the accused a gallon jug about half full of corn whisky, and a number of pint bottles all filled with whisky concealed in other parts of the premises immediately adjacent to the dwelling-house, these facts and circumstances fully justified the conviction.

We are of the opinion that the evidence in this case offered by the state in support of the charge, none of which was disputed or attempted to be explained, is sufficient to sustain the verdict. The judgment is accordingly affirmed.

McCarthy, C. J., and Wm. E. Lee, J., concur.