# Wytheville.

## W. H. Y. HUDGINS v. COMMONWEALTH.

### June 11, 1925.

Argued before Judge Chichester took his seat.

1. BILL OF PARTICULARS—*Criminal Law—Sufficiency of Bill of Particu-*
   *lars.*—Commonwealth's attorneys should always be fair and hence
   should frankly and in good faith supply persons accused of crime
   with such particulars as to give them information of the cause and
   nature of the accusation for which they are to be prosecuted. Every
   one accused of crime is entitled to have stated in plain and unequi-
   vocal terms the offense for which he is to be prosecuted. This
   much will be required even in a civil case. Prosecuting attorneys
   know, or ought to know, in advance, what they can prove, and
   ordinary justice demands that they should give the accused a fair
   statement of the offense for which he is to be prosecuted.

2. BILL OF PARTICULARS—*Criminal Cases—Sufficiency.*—It is not necessary
   in a bill of particulars to be more specific than a separate indictment
   or count for an offense.

3. BILL OF PARTICULARS—*Criminal Cases—Sufficiency.*—After a bill of
   particulars is asked by the accused the trial court should require
   the prosecutor to supply such a bill as will fairly give the accused
   notice of the cause and nature of the accusations.

4. BILL OF PARTICULARS—*Criminal Cases—Charges Expected to be Proved—*
   *Case at Bar.*—A bill of particulars should be directed to those charges
   as to which the prosecuting attorney expects to introduce support-
   ing evidence. In the instant case no evidence was introduced to
   support several of the specific charges. So that, in fairness to the
   accused, either these specific charges should not have been made,
   or, if made under the mistaken belief of the prosecuting attorney
   that they could be proved, should have been withdrawn when it
   appeared that there was no evidence to support them.

5. BILL OF PARTICULARS—*Criminal Cases—Election of Offenses upon which*
   *Conviction will be asked—Case at Bar.*—In the instant case, a pros-
   ecution for violation of the prohibition act, the accused moved the
   court to require the prosecution to elect upon which of the offenses
   charged in the bill of particulars he would ask for a conviction,
   upon the ground that no evidence had been introduced as to several

of the offenses charged, and that the evidence was insufficient as to the other offenses which had been charged. This motion was overruled.

*Held:* That this was not reversible error.

6. BILL OF PARTICULARS—*Criminal Cases—Election of Offenses upon which Conviction will be asked—Instructions that Charges be Considered Separately.*—While, having introduced evidence as to more than one offense named in the "omnibus count" of an indictment for violation of the prohibition law, the Commonwealth's attorney at the conclusion of all of the evidence in the case cannot be required to elect upon which charge he will ask for a conviction, yet, where he desires to ask for a conviction upon more than one charge, it is the duty of the court, if requested, to instruct the jury that they must consider the charges separately, and shall not convict the accused upon any charge, unless each juror is satisfied beyond a reasonable doubt that he is guilty ·of such charge. A failure to so instruct the jury, when requested by the accused, will constitute reversible error.

7. INTOXICATING LIQUORS—*Instructions—Presumption from the Possession of Forbidden Property—Trial of Another Person than the Occupant of the Property—Case at Bar.*—In the instant case, a prosecution for violation of the prohibition act, the accused asked for an instruction that where a still, still cap, worm, etc., are found within the dwelling house of any person, they are presumed to be the property of the person occupying the said premises, which the court refused. The idea relied on by accused seems to have been that, inasmuch as the contraband articles were found in the possession of another who had been convicted, the accused was entitled to an acquittal. This is a misconception. The statute refers to presumptions in prosecutions against persons so found in possession, but it by no means follows because such a person is guilty that no other person is his. partner in crime. Such an instruction as that asked would be misleading and improper, except when relied upon by the Commonwealth in a prosecution against an occupant of the premises.

8. INTOXICATING LIQUORS—*Instructions—Instruction Properly Refused where there was no Evidence to Support it.*—In a prosecution for a violation of the prohibition act, the accused asked the court to instruct the jury what the penalty should be if they found him guilty of having in his possession materials for the manufacture of a still, and not of the other offenses charged in the indictment. The evidence tended to show that the accused furnished another, the occupant of the premises, with a copper still; that the accused, with others, made a coil of a piece of copper pipe, and that accused in partnership with others manufactured ardent spirits. The evidence for the accused contradicted all of this.

*Held:* That the instruction asked for was without evidence to support. it, and could have only misled the jury.

9. INTOXICATING LIQUORS—*Conspiracy*—*Statements of Co-Conspirators*—*Declarations of Accomplice made after the Termination of the Conspiracy.*—The belated declarations of co-conspirators are only admissible against those who make them, and are not evidence against a former partner in crime, when made after the conspiracy has ended.

10. INTOXICATING LIQUORS—*Conspiracy*—*Evidence of Co-Conspirators*—*Declarations of Accomplice made after the Admission of the Conspiracy.*—In a prosecution for violation of the prohibition act the wife of an accomplice of accused (both of whom had been convicted), while she was being examined as a witness on behalf of the Commonwealth, was permitted to testify that an accomplice of accused came to see her and her husband while they were in jail and said to them: "If you will not give us away, we will pay your fine clear and clipping."

*Held:* Reversible error. The conviction rested entirely upon the evidence of this witness and her husband who admitted their complicity.

Error to a judgment of the Circuit Court of Mathews county.

*Reversed.*

The opinion states the case.

*W. M. Minter*, for the plaintiff in error.

*John R. Saunders*, Attorney-General, *Leon M. Bazile*, Assistant Attorney-General, and *Lewis H. Machen*, Assistant Attorney-General, for the Commonwealth.

PRENTIS, P., delivered the opinion of the court.

The plaintiff in error has been found guilty under an indictment which contained three counts—the first in the general form prescribed by statute covering numerous offenses against the prohibition statutes; the second, that he unlawfully owned a still, still cap, worm, fermenter, and other appliances, and mash and

other substances, capable of being used in the manufacture of ardent spirits; and the third count charging him with the possession of such still, appliances and mash. He has obtained a writ of error, and is here assigning several errors.

[1] 1. The first assignment relates to the bill of particulars which, upon the demand of the accused, was required of the prosecution, and the claim is that it is a mere repetition of the indictment, and hence does not constitute such a bill of particulars as he was entitled to. That bill reads thus:

"Did keep ardent spirits;

"Did sell ardent spirits;

"Did store ardent spirits;

"Did transport ardent spirits;

"Did solicit, advertise, aid others in procuring ardent spirits;

"Did manufacture ardent spirits;

"Did own a still and its equipment capable of manufacturing ardent spirits;

"Did have in his possession a still and equipment capable of manufacturing ardent spirits."

Upon first inspection, the point appears to be well taken (though it is not true that it is in fact a bare repetition of the indictment), because, as this court has frequently indicated, Commonwealth's attorneys should always be fair and hence should frankly and in good faith supply persons accused of crime with such particulars as to give them information of the cause and nature of the accusation for which they are to be prosecuted. So the case of *Pine and Scott* v. *Commonwealth,* 121 Va. 812, 93 S. E. 652, and the cases which follow it clearly indicate.

The last expression by this court upon that subject is in *Webster* v. *Commonwealth,* 141 Va. 589, 127 S. E.

377, where this is said: "We do not undertake to decide what was necessary to be stated in the bill of particulars in all cases further than to say that every one accused of crime is entitled to have stated in plain and unequivocal terms the offense for which he is to be prosecuted. This much will be required even in a civil case. The State has no desire to leave one of its citizens in doubt or uncertainty as to any offenses charged against him. Prosecuting attorneys know, or ought to know, in advance, what they can prove, and ordinary justice demands that they should give the accused a fair statement of the offense for which he is to be prosecuted."

The attorney for the Commonwealth, in this case, in response to the criticism, said that he expected to prove all of the offenses charged in the bill.

It will be observed that it covers not only most of the offenses charged in the omnibus count, but also the other two counts which appear to be sufficiently specific, so that the last two items of the bill may be disregarded in considering this point.

[2] In *Barker* v. *Commonwealth* (No. 71), 133 Va. 633, 112 S. E. 798, it is held that it is not necessary in a bill of particulars to be more specific than a separate indictment or count for an offense, and, therefore, that a bill of particulars under this general count, to the effect that the Commonwealth would prosecute for three of the offenses, namely, "for transporting, selling and giving away ardent spirits," was sufficient.

So also, in *Cooper* v. *Commonwealth* (No. 75), 133 Va. 654, 112 S. E. 799, it is likewise held that it is unnecessary to inform the accused in a bill of particulars of the time and place of the sale.

In *Jennings* v. *Commonwealth*, 133 Va. 726, 112 S. E. 602, it was held that after the Commonwealth had

introduced part of its evidence, it was within the discretion of the trial court to permit the prosecutor to change the bill of particulars by withdrawing the charge of keeping whiskey for sale, and substituting therefor the charge of illegally transporting whiskey.

In *Fitzpatrick* v. *Commonwealth*, 135 Va. 504, 115 S. E. 522, a bill of particulars which specifies the offense as "(1) Selling ardent spirits on December 31, 1920; (2) Selling ardent spirits during the month of December, 1920; (3) Selling ardent spirits within one year next preceding the finding of this indictment; as charged in the indictment," is held sufficient; but this is there said: "It may be said in this connection, without special reference to the case at bar, that, while the punishment of crime is a necessity, the Commonwealth wishes to give to every one accused of crime a fair and impartial trial, and full notice and a fair opportunity to meet every charge preferred against him."

[3] A closer inspection of this bill of particulars, then, indicates that if we assume that it should be construed as charging that each one of these separate offenses therein referred to as having occurred within one year, it may be, according to the precedents, sufficiently specific.  There is, however, a radical difference of opinion between the judges on this point, and inasmuch as the case is to be reversed upon another ground, it is unnecessary to decide it.  Upon the next trial, however, if a bill of particulars is again asked for by the accused, the trial court should require the prosecutor to supply such a bill as will fairly give the accused notice of the cause and nature of the accusations. An excellent example of an appropriate bill of particulars is found in *Webster* v. *Commonwealth, supra.*

[4] The bill should be directed to those charges as to

which the prosecuting attorney expects to introduce supporting testimony. Upon the trial of this case no evidence was introduced to support several of the specific charges. For instance, there is nothing to support the several charges that the accused kept ardent spirits, sold ardent spirits, or stored ardent spirits. So that, in fairness to the accused, either these specific charges should not have been made, or if made under the mistaken belief of the prosecuting attorney that they could be proved, should have been withdrawn when it appeared that there was no evidence to support them.

[5, 6] At the conclusion of the evidence, the accused moved the court to require the prosecution to elect upon which of the offenses charged in the bill of particulars he would ask for a conviction, upon the ground that no evidence had been introduced as to several of the offenses charged, and that the evidence was insufficient as to the other offenses which had been charged. This motion was overruled.

We do not understand the apparent reluctance of the prosecutor to respond to these suggestions; but following *Andrews* v. *Commonwealth*, 135 Va. 451, 115 S. E. 558, and the cases upon which it is based, we conclude that this was not reversible error. This is said in that case: "Having introduced evidence as to more than one offense named in such 'omnibus count,' the Commonwealth's attorney, at the conclusion of all the evidence in the case, cannot be required to elect upon which charge he will ask for a conviction. The object of the legislature in adopting the form of the 'omnibus indictment' was to enable the Commonwealth to prosecute for more than one offense under one count of the indictment, and the Commonwealth's attorney has the right to ask for a conviction upon each

charge contained in his bill of particulars. Where, however, he desires to ask for a conviction upon more than one charge, it is the duty of the court, if requested, to instruct the jury that they must consider the charges separately, and shall not convict the accused upon any charge, unless each juror is satisfied beyond a reasonable doubt that he is guilty of such charge. A failure to so instruct the jury, when requested by the accused, will constitute reversible error."

So that, when the court refused, in the exercise of its discretion, to require the Commonwealth so to elect, the rights of the accused would have been fully protected by an instruction to the effect that they could not convict upon any or either of the several charges, unless each juror was satisfied beyond a reasonable doubt that the accused was guilty of such charge, and that they could not convict upon any charge without evidence to support that particular charge.

[7] 2. The second error assigned is that the court refused to instruct the jury "that where a still, still cap, worm, mash and cooling apparatus or any of them are found within the dwelling house of any person, they are presumed to be the property of the person occupying the said premises." This assignment is based upon the general statutes relating to search warrants and the discovery of ardent spirits thereunder, and to the provision that such discovery shall constitute *prima facie* evidence of the contraband nature of the liquor and articles seized, putting the burden upon the claimant to show by competent evidence his property right or interest in the articles claimed. In section 21½, Acts 1922, page 579, it is said that "all persons found at a distillery where whiskey, beer or other ardent spirits are being manufactured shall be deemed *prima facie* guilty of manufacturing the same, or aiding

·or abetting in such manufacture.'' The idea relied on here seems to be that inasmuch as in this case the contraband articles were found in the possession of Jim Page, who has been convicted under the statute, therefore the accused is entitled to an acquittal. This is an entire misconception. The statute refers to presumptions in prosecutions against persons so found in possession, but it by no means follows, because such a person is guilty, that no other person is his partner in crime; and it is expressly indicated in *Moore* v. *Commonwealth*, 132 Va. 738, 111 S. E. 127, that the mere suggestion that some other person may have been also guilty does not warrant the acquittal of the accused.

That is the situation here. The instruction could only be construed to suggest to the jury that because there was a presumption against Page as the person ·occupying the premises, who was not then on trial, that therefore the accused charged with the crime and being on trial could not be likewise guilty. Such an instruction is misleading and improper, except when relied upon by the Commonwealth in a prosecution against an occupant of the premises. It is inapplicable and immaterial in a prosecution against a different person who does not actually occupy the premises.

[8] 3. The accused offered an instruction reading thus: ''The court instructs the jury that if they believe from the evidence beyond a reasonable doubt that W. H. Y. Hudgins was guilty of having in possession materials for the manufacture of a still and not of the other offenses charged in this indictment, they may assess his penalty at a fine of not less than fifty or more than one thousand dollars, or confinement in jail not less than sixty days nor more than twelve months or both.''

The instruction is erroneous because there is no

·evidence in the case upon which it could be based.
The evidence for the Commonwealth tended to show
that the accused furnished one Jim Page with a copper
still; that the accused, with his son-in-law, Shipley,
Page and Page's wife, jointly made a coil of a piece of
copper pipe by winding it around a cedar post; that
Page occupied the place that was controlled by the
accused, and that the accused and Shipley were copart-
ners with Page in the manufacture of ardent spirits,
each receiving one-third; that later Shipley quit the
partnership, after which the accused and Page divided
the whiskey equally.    The evidence for the accused
denied all guilty knowledge of or complicity in the
crimes charged, and contradicted every incriminating
circumstance.    The instruction could only have mis-
led the jury.

[9, 10] 4. The fourth assignment of error presents a
more serious question.    It is shown that Callie Page,
the wife of Jim Page (both of whom had been convicted),
while she was being examined as a witness on behalf of
the Commonwealth, was permitted to testify that one,
Vinton Shipley, son-in-law of the accused and former
copartner with the accused and Jim Page, accused also
of the illegal manufacture of ardent spirits, came to see
her and her husband while they were in jail and said
to them:  "If you will not give us away, we will pay
your fine clear and clipping."

That this statement was in the nature of an admis-
sion by Shipley is certainly true; but Shipley was not
·on trial, and the general rule certainly is that such
belated declarations of co-conspirators are only admis-
sible against those who make them, and are not evi-
·dence against a former partner in crime when made
after the conspiracy has ended.

In *Garnett* v. *Commonwealth*, 117 Va. 904, 83 S. E.
1084, this appears:  Two persons were indicted jointly,

and the court admitted declarations in the nature of admissions by one of them in the absence of the one on trial, after the common enterprise in which they were engaged had been consummated, and it was there said: "The general rule in such case is that such declarations are only admissible against the declarant, and are not competent evidence against his former associate. *Hunter's Case,* 7 Gratt. (48 Va.) 641, 56 Am. Dec. 121; *Jones' Case,* 31 Gratt. (72 Va.) 836; *Oliver's Case,* 77 Va. 590." In that case the parties were jointly indicted, which is not so here. This indictment was against Hudgins alone. 16 C. J. 656-658.

The only way of avoiding the effect of such an error would be, where under the facts of the particular case the illegal evidence was immaterial, or harmless, because no other verdict could have been properly returned. This case does not present that question. This conviction depends entirely upon the evidence of Jim Page and Callie Page, who admit their complicity. Every incriminating fact to which they testify is denied by the accused and Shipley. The Pages have already been convicted, and here the Commonwealth relies upon their testimony as accomplices, so that it is certainly a fundamental right of the accused to have all illegal testimony excluded. If the other testimony given by these accomplices is true, the accused is clearly guilty. No immaterial considerations should be allowed to intervene to prevent his conviction and punishment; but he cannot be denied his legal rights. The admission of this testimony of Callie Page, however, so clearly violates a well established rule and one which is so essential for the protection of innocent persons that the error cannot be disregarded. For this, therefore, we are impelled to reverse this conviction and remand the case for a new trial.

*Reversed.*