# APPENDIX.

## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### MITCHELL v. COMMONWEALTH.

#### JANUARY 17, 1895.

1. INDICTMENT—*Several Misdemeanors in One Indictment.*—Several misdemeanors of the same nature, and upon which the same or similar judgments may be rendered, may be united in the same indictment under separate counts.

2. INDICTMENT—*Several Offences in One Indictment—Election on Which to Proceed.*—In cases of felony where several offences are charged in different counts of the indictment, if the court sees that the charges are so distinct that to try them together would confound the prisoner, or distract the attention of the jury, it will require the prosecuting attorney to elect which count he will try first, but this rule has no application to misdemeanors which are only punishable by fine and imprisonment.

3. CRIMINAL PRACTICE—*Several Verdicts—Joint Judgment.*—Where a prisoner is found guilty on several counts of an indictment for misdemeanors, and separate fines are imposed in each by the jury, only one judgment need be entered for the aggregate of the fines and the costs.

4. INSTRUCTIONS NO PART OF RECORD—*Bill of Exceptions.*—Instructions given to the jury are no part of the record of a case unless made so by a bill of exceptions taken at the proper time, and hence cannot be objected to in the appellate court.

Error to a judgment of the Circuit Court of Greene county, rendered at June term, 1893, affirming the judgment of the County Court of said county rendered January 14, 1893, upon an indictment for retailing liquor without license.

*Affirmed.*

The opinion states the case.

*Field & Thomas*, for the plaintiff in error.

*Attorney-General R. Taylor Scott*, for the Commonwealth.

Harrison, J., delivered the opinion of the court.

W. B. F. Mitchell was indicted at the September term, 1892, of the County Court of Greene county, for selling ardent spirits by retail without license, and at the January term, 1893, of said court, was tried and convicted, and judgment entered accordingly. To the rulings and judgment of the County Court, said Mitchell was awarded a writ of error from the Circuit Court of Greene county, which court, at its June term, 1893, affirmed the judgment of the County Court, and thereupon a writ of error and supersedeas was obtained from this court.

In his petition for appeal, the defendant assigns five grounds of error, which will now be considered in their order:

*First.* "That the County Court erred in overruling the defendant's demurrer to the indictment, for the reason that there were three distinct offences charged, to-wit, a violation of the revenue laws, at three different times, and to three different persons."

The indictment contains three counts, in each of which the defendant is charged with having sold, at a different time, and to a different person, one pint of whiskey, without license. Each count in this indictment is a good count, and each being for a misdemeanor there is no misjoinder. The indictment charges the defendant with three separate offences of a like character, to-wit, selling ardent spirits by retail, without license. For each offence the punishment is the same, in the discretion of the jury, and in each case there would have been the same, or a similar verdict. In point of law it is no objection that several misdemeanors of the same nature,

and upon which the same, or a similar judgment may be given, are contained in different counts of the same indictment. This has been long the general and well settled rule of the common law, and cannot be now questioned. 1 Chitty Cr. Law, 249: *Dowdy* v. *Com.*, 9 Gratt. 727; *Scott's Case*, 14 Gratt, 687; 1 Bishop's Cr. Pro., sec. 452.

*Second.* "That the court should have required the attorney for the Commonwealth to elect which of the three counts in said indictment he would select to try the defendant upon first."

In cases of felony where several offences are charged, in sundry counts of the same indictment, if the court sees that the charges are so distinct that to try them together would confound the prisoner, or distract the attention of the jury, it will require the Commonwealth's attorney to select which count he will try first. In the case, however, of mere misdemeanors, which are only punishable by fine and imprisonment, the prosecutor is permitted to join and try several distinct offences in the same indictment, and without being required to elect on which charge he will proceed. 1 Chitty Cr. Law, 249; *Dowdy* v. *Com.*, 9 Gratt. 727. It would be both unwise and unnecessary, in a case like the one under consideration, to consume the time of the court, and subject the parties to the cost of several trials, when one would dispose of the whole matter, and without the slightest prejudice to the accused.

*Third.* "It is insisted that there is a variance between the verdict and the judgment, in this, that the jury found the defendant guilty on two counts of the indictment, and fined him $100 in each case, whereas the court gave one judgment for $200 and costs—the aggregate amount of the two fines."

The objection is that the jury found the prisoner guilty of two offences, and the court showed by the form of its judgment that he was only guilty of one. In other words, the defendant complains that the public records minimize his

public offences.  The defendant was not injured by the
action complained of, but benefited, for he was at least saved
the cost attaching to two judgments.  Both fines were in one
case, both due to the Commonwealth, and both due from the
defendant.  The court pursued the proper practice in a case
like this, to enter one judgment covering the aggregate sum
recovered by the Commonwealth under the indictment.

*Fourth.* "That no process had ever been issued against
the defendant informing him with what he was charged,
and that it was error to proceed to trial until he was so
served, which he insists was never done."

Without stopping to consider the fact that the defendant
was in court at the trial, with a number of witnesses in his
behalf, testifying also himself, and that no objection appears
to have been taken at the time to the regularity of the pro-
ceeding, it is a sufficient answer to this objection, that it
appears from the supplemental record brought up since the
case was in this court, that the defendant was properly
served with process to answer the indictment, and that a
mere oversight of the clerk occasioned its omission from the
original record.

*Fifth.* "That the court should have set aside the verdict
as contrary to the law and the evidence, on the defendant's
motion."

We have examined the evidence certified in this case, and
under the familiar rule applicable where the evidence is cer-
tified, that it is to be treated as a demurrer to evidence, we
have no difficulty in reaching the conclusion that the jury
were justified in their verdict, and therefore the court did
not err in refusing to set the same aside.

Although not assigned as error in the petition it is earn-
estly contended at bar that the court erred in instructing
the jury that the punishment fixed by law for the offences
charged in the indictment was a fine of not less than *one hun-
dred dollars* nor more than *five hundred dollars* for each offence.

No exception was taken to this instruction at the time, and it is therefore no part of the record, and cannot now be objected to. The instruction, however, correctly propounds the law. See Acts 1889–90, p. 242, ch. 2, sec. 1.

For the foregoing reasons the court is of opinion that there is no error in any of the rulings of the County Court, and therefore the judgment of the said court, and of the Circuit Court of Greene county, approving the same, must be affirmed, with costs.

*Affirmed.*