# CRIMINAL CASES.

## 𝔯𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

### Hatcher & Shaw v. Commonwealth.

December 6, 1906.

1. INDICTMENT—*Amendment Charging New Offense.*—If, pending the trial of a misdemeanor, the trial court directs the indictment to be sent back to the grand jury which found it (which is still in session) for amendment, and the indictment is so amended, and, when reported by the grand jury, the defendant pleads anew to the indictment as amended, this amounts to a discontinuance or abandonment of the prosecution of the original indictment. If the trial proceeds to conviction on the amended indictment and it is conceded that none of the offenses proved under the amended indictment could have been proved under the original, and no question of former jeopardy is involved, the verdict will not be set aside.

2. MISDEMEANORS — *Indictment — Several Offenses — Counts.* — While a party may be tried on the same indictment for several misdemeanors of the same nature and upon which the same or similar judgments may be rendered, there must be a separate count for each offense, for he cannot be convicted of more offenses than there are counts.

3. MISDEMEANORS—*Several Offenses—Different Dates—Election.*—Where, upon the trial of an indictment containing a single count, charging the defendant with the illegal sale of liquor to certain designated parties "at divers times within the last twelve months," evidence has been received tending to show a number of distinct sales covering a period of several months, the commonwealth may be required, before the prisoner opens his defense, to elect on which of the sales it will proceed.

4. INTOXICATING LIQUORS—*Sale Without License—Punishment.*—Upon a conviction of selling liquor without a license the trial court may add imprisonment to the fine imposed by the jury.

Error to a judgment of the Corporation Court of the city of Danville.

*Reversed.*

The opinion states the case.

*Withers & Green* and *B. H. Custer,* for the plaintiffs in error.

*Robert Catlett, Assistant to the Attorney-General,* for the Commonwealth.

BUCHANAN, J., delivered the opinion of the Court.

The plaintiffs in error were indicted at the June term, 1906, of the Corporation Court for the city of Danville for selling liquor at their place of business in that city without a license to four persons, who were named, and others, "on the ———— day of March, in the year 1906." After issue had been joined upon the plea of not guilty, the jury impaneled and sworn, and the attorney for the commonwealth was making his opening statement to them, the court, upon his motion, over the objection of the defendants, ordered the indictment to be taken to the grand jury, which was still in session and was the same grand jury which had brought in the indictment, for the purpose of amending the same by adding the words "and at divers other times within the twelve months last past" immediately after the words "on the ———— day of March, in the year 1906." The indictment was so amended and returned into court. After the defendants' motion to quash and their demurrer to the indictment as amended were overruled by the court, they pleaded not guilty, upon which plea issue was joined, the same jury was sworn, and the trial proceeded with, which resulted in a verdict finding the defendants guilty as charged in the indictment, and fixing their fines at $25.00 each. The defendants moved the court to set aside that verdict and grant them a new trial, and also to arrest the judgment; but the court overruled these mo-

tions, entered up judgment for the fines assessed, and also imposed a further punishment of three months confinement in the county jail. To that judgment this writ of error was awarded.

The first error assigned is to the action of the court in permitting the indictment to be amended.

Section 3999 of the Code provides that "the court may in cases of misnomer occurring before or in the course of a trial, forthwith cause the indictment or accusation to be amended according to the fact." But we have no other statute authorizing indictments to be amended, and section 3999, it is conceded, has no application to this case.

It is said by Mr. Bishop, in his new Criminal Procedure, section 709, that the ancient practice, where an indictment appeared to be imperfect, was " 'to ward new process to the grand jury, if the court sat in the same county, to come into court to amend it.' Or by whatever means assembled this body may find a second indictment on the original evidence. Or if at the arraignment the grand jurors are present in court, they may there cure by amendment any defects disclosed by plea in abatement."

In the case of *Commonwealth* v. *Drew,* 3 Cush. 279, Chief Justice Shaw said: "Where it is found that there is some mistake in an indictment, as a wrong name or addition, or the like, and the grand jury can again be appealed to, as there can be no amendment of an indictment by the court, the proper course is for the grand jury to return a new indictment avoiding the defects of the first."

Where the grand jury which brought in the indictment has been discharged, another grand jury may bring in another indictment for the same offense, for the finding of one indictment is no bar to the finding of another for the same crime. The accused cannot, of course, be tried upon both, but the commonwealth may elect on which it will proceed. The better practice is, however, to withdraw the first and proceed upon the second.

*Stuart's Case,* 28 Gratt. 950, 966, 967, 1 Bish. Crim. L. (7th Ed.), section 1014.

The action of the court in permitting the indictment to be amended and proceeding upon it, after it was returned into court, as if it were a new indictment, was in effect a discontinuance or an abandonment of the prosecution on the first or original indictment. The defendants moved to quash the new or amended indictment and demurred to it; upon the overruling of their motion to quash and their demurrer they pleaded not guilty, upon which plea issue was joined, the jury was again sworn, and the trial proceeded with. Whether the commonwealth would have had the right, with the consent of the court, to enter a *nolle pros.* or abandon the prosecution on the original indictment, or what effect such abandonment would have had on the rights of the defendants if both the original and the amended or new indictment had been for the same offense need not be considered, as it is conceded that none of the offenses proved under the amended indictment could have been proved under the original, and no question of former jeopardy was raised in the trial court, or is raised here. We are of opinion that the said assignment of error should be overruled.

The next error assigned is to the action of the court in refusing, at the conclusion of the commonwealth's evidence, to require it to elect upon which sale of liquor it was going to rely for conviction.

The indictment contained but a single count, and under that count evidence had been admitted tending to show a number of distinct sales running over a period of several months.

While a party may be tried upon the same indictment for several misdemeanors of the same nature and upon which the same or similar judgments may be rendered, there must be a separate count for each offense, for he cannot be convicted of more offenses than there are counts. I Bish. New Proc., section 460; *Mitchell's Case,* 93 Va. 775, 20 S. E. 892.

This being so, it would seem clear upon principle that the de-

fendants had the right to have the commonwealth make an election. Because of the difficulty the commonwealth has in prosecuting offenses of this kind, or for some other reason, there has been in this class of cases some relaxation of the strict rules as to pleading and the introduction of evidence which generally prevail in criminal cases. When under these relaxed rules the commonwealth has been allowed to allege, and to offer evidence to prove, more than one offense, there does not seem to be any good reason why, at the conclusion of the commonwealth's evidence and before the defendant offers his evidence, it should not be required to elect upon which sale it seeks a conviction. By requiring such an election the prisoner knows what charge it is necessary for him to meet in making his defense. This in common fairness he has a right to know. Such a course also saves time and expense by rendering it unnecessary for the defendant to offer evidence to disprove any other charge. It brings the mind of the jury to the consideration of a single sale. Another reason why the commonwealth should be required to elect where evidence has been introduced as to a number of offenses, and there can only be a conviction as to one sale, is that some of the jurors may believe that the evidence of a particular sale is sufficient to convict, while others may think the evidence of that sale is not sufficient, but are satisfied that some other sale has been proved. All of the jurors may think that the accused is guilty, and so find him, without in fact having agreed that the evidence as to any particular sale was sufficient. The result is that if there is no election the accused, who is indicted for one offense, is tried for many and convicted of one, but of which one of the many the court cannot say.

It may be that juries are not likely to be so careless as to bring in a verdict without an agreement on the part of all as to a particular sale, but it is a danger which can be avoided by requiring an election.

This question has not been passed upon by this court or the general court in any reported case. The great weight of au-

thority, however, in other jurisdictions is that the defendant is entitled to have the commonwealth elect at some stage of the trial upon which sale it seeks a conviction. See 1 Bish. New Crim. Proc., sections 460, 462; 2 Wharton's Cr. Law, section 1525; Clark's Cr. Pro., page 284, 346; *State* v. *Chesnell* (W. Va.), 15 S. E. 412; *Hughes* v. *State,* 35 Ala. 351, 362; *The People* v. *Jenness,* 5 Mich. 305, 327, 328; *Goodhue* v. *People,* 94 Ill. 37, 51; *State* v. *Brown,* 58 Ia. 298, 12 N. W. 318; *Com'th* v. *O'Hanlon,* 155 Mass. 198, 29 N. E. 518; *Lebkovitz* v. *State,* 113 Ind. 26, 29, 30, 14 N. E. 363, 597.

The cases are not agreed as to the time when such election should be made. The better view seems to be that that question should be left to the discretion of the trial judge, to be exercised with reference to the special facts of the case; but, as Mr. Bishop says, whatever is done at the early stages of the trial, plainly, as a general rule, the election should be required before the prisoner opens his defense. 1 Bish. New Crim. Proc., section 462, and cases cited.

We are of opinion, therefore, that the court erred in not sustaining the defendants' motion that the commonwealth be required to elect upon what sale she sought a conviction, and that for that error the judgment complained of must be reversed, the verdict set aside, and a new trial granted.

The third assignment of error, which is based upon the refusal of the court to set aside the verdict, need not be considered, as the verdict will have to be set aside for reasons already given.

The fourth and remaining assignment of error that the court erred in imposing a jail sentence in addition to the fine fixed by the jury, was abandoned in the oral argument, as the question involved in that assignment of error has since the trial been decided adversely to the contention of the plaintiffs in error in the case of *Quillen* v. *Com'th,* 105 Va. 874, 54 S. E. 333.

The judgment complained of must be reversed, the verdict set aside, and a new trial granted.

*Reversed.*