## Staunton.

### JAMES W. SPRADLIN v. CITY OF ROANOKE.

September 21, 1922.

1. INDICTMENT AND INFORMATION—*Indictment Containing Several Charges— Election by Prosecution—Intoxicating Liquors.*—Where several distinct misdemeanors are charged in the same indictment, it is left in the sound discretion of the trial court to determine whether or not there should be an election. Thus, in the instant case, where a warrant charged that accused did unlawfully sell, transport, store, and have in his possession for sale ardent spirits, if a motion had been made on behalf of the accused in the lower court to require the prosecution to elect upon which of the several charges it would ask for a conviction, under the evidence in the case, it would have been in the sound discretion of the trial court to grant or refuse the same.

2. INDICTMENT AND INFORMATION—*Election by Prosecution Upon Which Charge it Would Ask for Conviction—Waiver by Accused—Intoxicating Liquors.*—Where a warrant charged that accused did unlawfully sell, transport, store, and have in his possession for sale, ardent spirits, if the accused had a right to require the prosecution to make an election upon which of the several charges he would ask for a conviction, he waived that right by his failure to demand it in the trial court.

3. INTOXICATING LIQUORS—*Presumption from Possession of Intoxicating Liquors—Exclusive and Actual Possession—Instructions.*—Acts 1918, pages 578, 598, provide that whenever ardent spirits shall be seized in any building or room searched under the provisions of the act, the finding of such ardent spirits shall be *prima facie* evidence of unlawful manufacturing, selling, etc., by the person occupying the premises.

   *Held:* That an instruction which stated that the liquor must have been in the actual and exclusive possession of the accused to create the presumption that the accused had it for sale, was clearly erroneous.

4. INTOXICATING LIQUORS—*Possession—Presumption from Finding Liquor on Premises of Accused—Case at Bar.*—On a prosecution of defendant for unlawfully selling, transporting, storing, and having in his possession for sale ardent spirits, where there was no conflict in the evidence as to the finding of the whiskey in the pool room of the accused, the jury were fully warranted in finding accused guilty without the introduction of further testimony.

5. INTOXICATING LIQUORS—*Instructions—Partial View of the Evidence—Actual and Exclusive Possession of the Liquor—Case at Bar.*—In the instant case, it was charged that accused did unlawfully sell, transport, store, and have in his possession for sale ardent spirits. Accused asked for an instruction that the possession of the liquor must be in the actual and exclusive possession of the accused to create the presumption that he had it for sale, and that the burden was on the Commonwealth to prove such possession beyond a reasonable doubt, and if, upon the whole evidence, the jury had such reasonable doubt as to the defendant having such possession, then they should find him not guilty.

*Held:* That, as the warrant also charged the unlawful sale of ardent spirits, if it were true that the burden was on the prosecution to prove the liquor was in the actual and exclusive control of the accused, the concluding clause of the instruction was manifestly erroneous, for the reason that it directed a verdict upon a partial view of the evidence, overlooking the testimony of a witness, who swore positively that he had purchased liquors from the accused.

6. INTOXICATING LIQUORS—*Evidence Sufficient to Support Conviction—Case at Bar.*—In the instant case, a prosecution for unlawfully selling, transporting, storing, and having in his possession for sale ardent spirits, a search warrant was issued on the information of a witness that accused was storing and selling liquor in his pool room. Upon execution of the warrant the officers found the liquor in the pool room of accused just where this witness had said it was. This witness testified that he had purchased liquor from the accused in his pool room in the past several weeks.

*Held:* That, notwithstanding an attempt of accused to impeach the reputation of this witness, the evidence was sufficient to support a verdict of guilty.

7. WITNESSES—*Credibility—Weight of Testimony—Questions of Law and Fact.*—The credibility of witnesses and the weight of their testimony are questions for the jury.

Error to a judgment of the Corporation Court of the city of Roanoke.

*Affirmed.*

The opinion states the case.

*John G. Challice*, for the plaintiff in error.

*R. C. Jackson* and *Samuel R. Price*, for the defendant in error.

WEST, J., delivered the opinion of the court.

The warrant in this case charges that James W. Spradlin, the accused, did unlawfully sell, transport, store and have in his possession for sale ardent spirits. He was convicted before the civil and police justice of the city of Roanoke. Upon an appeal a jury in the corporation court of the city found him guilty as charged in the warrant and fixed his punishment at a fine of $100.00 and two months in jail. The court entered judgment accordingly, and the case is here upon a writ of error.

[1, 2] In the first assignment of error the accused complains that the trial court did not require the prosecuting attorney to elect upon which of the several charges he would ask for a conviction.

A careful examination of the record fails to disclose that any motion was made on behalf of the accused in the lower court to require the city to elect upon which of the several charges it would ask for a conviction. If such a motion had been made, under the evidence in this case, it would have been in the sound discretion of the trial court to grant or refuse the same. Judge Burks, speaking for the court in the case of *Pine* v. *Commonwealth*, 121 Va. 812, 842, 93 S. E. 652, says: "Upon a review of the cases and consideration of the principle involved, we deem it best, where several distinct misdemeanors are charged in the same indictment, to leave it to the sound discretion of the trial court to determine whether or not there shall be an election  *  *  *." See also *Jennings* v. *Commonwealth*, 133 Va. 726, 112 S. E. 602.

Besides, if the accused had a right to require the city to make an election, he has waived it by his failure to demand it in the trial court. This assignment is without merit.

The next assignment is to the action of the court in refusing to give instruction No. 3, requested by the accused, which was as follows: "The court instructs the jury that the possession of the liquor must be in the actual and exclusive possession of the accused to create the presumption that he had it for sale, and the burden is upon the Commonwealth to prove by clear, distinct and reliable evidence and beyond a reasonable doubt such possession, and if upon the whole of the evidence you have such reasonable doubt as to the defendant having such possession, then it would be your duty to find him not guilty."

[3] The first part of this instruction, which states that the liquor must have been in the actual and exclusive possession of the accused to create a presumption that the accused had it for sale, is clearly erroneous. It is admitted that the liquor was found in the pool room owned and occupied by the accused, and it is provided by section 28 of the prohibition law (Acts 1918, pages 578, 598) that "Whenever ardent spirits shall be seized in any room, building * * * searched under the provisions of this act, the finding of such ardent spirits * * * in any such place shall be *prima facie* evidence of unlawful manufacturing, selling, keeping and storing for sale * * * by the person or persons occupying such premises * * *."

[4, 5] There being no conflict in the evidence as to the finding of the whiskey in the pool room which was searched, under the provisions of the prohibition law, or as to the occupancy of the premises by the accused, it is clear that the jury were fully warranted in finding him guilty without the introduction of further testimony. *Edward Moore* v. *Commonwealth*, 132 Va. 738, 111 S. E. 128. Besides, the warrant also charges the accused with the unlawful sale of ardent spirits, and

if it were true, as contended by the accused, that the burden was on the city to prove the liquor was in the actual and exclusive control of the accused, the concluding clause of the instruction is manifestly erroneous, for the reason that it directs a verdict upon a partial view of the evidence, overlooking the testimony of witness, Tom Doss, who swore positively that, a few days before his arrest, he purchased liquors from the accused, in the pool room above referred to, in the city of Roanoke.    There is no merit in this assignment.

[6, 7] The remaining assignment is that the verdict is without evidence to sustain it, and that the court erred in refusing to set the same aside.

What has already been said about the evidence would seem to be a sufficient answer to this assignment.    Tom Doss, a witness introduced on behalf of the city, gave information to the police justice that the accused was storing and selling liquor in his pool room on Salem avenue, and that it would be found in the pockets of certain coats which were hanging on the walls of the pool room.    A search warrant was issued, and the officers who executed it found the liquor just where Doss said it was.    Doss further testified that he had purchased from the accused in this pool room over $75.00 worth of liquor in the past several weeks.    It is true that the accused attempted, by the testimony of several witnesses, to impeach the reputation of Doss for truth and veracity, but the credibility of the witnesses and the weight of their testimony were questions for the jury. A fair consideration of all the evidence in the case stamps the testimony of witness Doss with the impress of truth.    It is true that the accused denied the sale and storing of the whiskey in the pool room and suggested that the coats, in the pockets of which the liquor was found, might have belonged to persons who were

then in the pool room, with their coats off, shooting pool, but on cross-examination he admitted the coats had been hanging on the wall of the pool room for a long time.

We feel that a further discussion of the evidence is unnecessary. The verdict of the jury was fully supported by the evidence, and the judgment complained of is plainly right and will be affirmed.

*Affirmed.*