# CRIMINAL CASES.

## Richmond

### R. T. ANDREWS v. COMMONWEALTH.

January 18, 1923.

1. CRIMINAL LAW—*Indictment and Information—Several Counts—Election.*—In felony cases, where several offenses are charged in different counts of the same indictment, if the court sees that the charges are so distinct that to try them together would confuse the prisoner or distract the attention of the jury, it should require the Commonwealth's attorney to elect which count he will try first. It is permissible, however, to charge a felony in different ways in several counts, for the purpose of meeting the evidence as it may come out on the trial.

2. CRIMINAL LAW—*Indictment and Information—Several Counts—Election—Misdemeanors.*—In cases of misdemeanor, the prosecutor is permitted to join and try several distinct offenses of the same nature in separate counts in the same indictment, without being required to elect on which charge he will proceed.

3. INDICTMENTS, INFORMATIONS AND PRESENTMENTS—*Right to be Informed of Cause and Nature of Offense—Bill of Rights.*—The bill of rights has guaranteed to every person accused of crime the right to demand the "cause and nature" of his offense, and this right cannot be denied to him in any trial for a penal offense.

4. BILL OF PARTICULARS—*Criminal Cases—Bill of Rights—Cause and Nature of the Offense.*—In a criminal case the particulars of the "cause and nature of his offense," to which every person accused of crime is entitled to under the bill of rights, may now be furnished by a bill of particulars, but in all criminal cases the cause and nature of the offense must be furnished, upon demand, either by indictment, information, bill of particulars, or in some other approved method.

5. INDICTMENTS, INFORMATIONS AND PRESENTMENTS—*Counts—Charging More than One Offense in Single Count—Prohibition Act—Bill of Par-*

*ticulars.*—Except in cases arising under the prohibition law (section 7 of the prohibition act, Acts 1918, chapter 388), the prosecutor can-not charge the accused with or convict him of more offenses than there are counts in the indictment. Since the prohibition statute per-mits more than one offense to be charged in a single count, the de-fendant has the right, where the indictment is not sufficiently specific for the purpose, to demand. a bill of particulars to apprise him of the cause and nature of his accusation.

6.    INTOXICATING LIQUORS—*Omnibus Count—Bill of Particulars—Election.* Where an indictment under the prohibition law, or any count thereof, is in the statutory form authorized by section 7 of that act (Acts 1918, chapter 388), the court's refusal to require the Common-wealth's attorney, when demanded by the accused, to file a bill of particulars, stating for which one or more of the several offenses charged in such count he will prosecute, and to require his specifica-tions contained therein to be as definite as a separate count would have to be for such an offense, is reversible error.

7.    INTOXICATING LIQUORS—*Omnibus Count—Election After Conclusion of Evidence.*—Having introduced evidence as to more than one offense named in the omnibus count provided for by section 7 of the prohibi-tion act (Acts 1918, chapter 388), the Commonwealth's attorney, at the conclusion of the evidence in the case, cannot be required to elect upon which charge he will ask for a conviction.

8.    INTOXICATING LIQUORS—*Object of Omnibus Count—Where Common-wealth's Attorney Asked for Conviction for More than One Offense—In-structions.*—The object of the Legislature in adopting the form of the "omnibus indictment" was to enable the Commonwealth to prosecute for more than one offense under one count of the indictment, and the Commonwealth's attorney has the right to ask for a conviction upon each charge contained in his bill of particulars. Where, how-ever, he desires to ask for a conviction upon more than one charge, it is the duty of the court if required to instruct the jury that they must consider the charges separately, and shall not convict the accused upon any charge, unless each juror is satisfied beyond a reasonable doubt that he is guilty of such charge. A failure to so instruct the jury, when requested by the accused, will constitute reversible error.

9.    ATTEMPTS TO COMMIT CRIME—*What Constitutes an Attempt—When Con-viction Should be Sustained.*—Whenever a conviction, if the offense had been consummated, ought to be sustained, a conviction for conduct, which, in law, amounts to an attempt to commit it ought to be sus-tained.

10.    INTOXICATING LIQUORS—*Attempt to Sell Ardent Spirits—Attempt to Transport—Evidence to Sustain Conviction—Case at Bar.*—In the in-stant case, accused, according to his own statement, went to a still, which he said was owned by an acquaintance of his, to get whiskey,

but upon his arrival was informed that there was only a small quantity of whiskey ready, but that if he would wait he could get some whiskey. While accused was waiting the still was raided, and accused was placed under arrest. He admitted to the constable arresting him that he came there to buy some whiskey to sell, and that he was going to take the whiskey away from the still in his car. Previously accused paid a witness to haul some lumber to the site of the still, and told the witness that he was going to "open up and transact some business there."

*Held:* That the evidence was insufficient to sustain a conviction of an attempt to sell or an attempt to transport, or of any charge of attempt for which the accused might be prosecuted under the omnibus count authorized by section 7 of the prohibition act.

11. ATTEMPT TO COMMIT CRIME—*Elements of the Offense.*—An attempt to commit crime is composed of the intent to commit it, and a direct, ineffectual act done towards its commission.

Error to a judgment of the Circuit Court of Brunswick county.

*Reversed.*

The opinion states the case.

*Oliver A. Pollard, Lorenza J. Hammack* and *Robert J. Francis,* for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

WEST, J., delivered the opinion of the court.

R. T. Andrews, the accused, was convicted of an attempt to sell ardent spirits, and sentenced to imprisonment for six months and fined $100.00. To that judgment, this writ of error was granted.

· The indictment contains three counts, the first and third being "omnibus counts," authorized by section 7 of the prohibition act (Acts 1918, c. 388), and the second charging the unlawful possession of a still.

The accused complains of the action of the trial court in refusing to require the Commonwealth's attorney to furnish a bill of particulars, and in refusing, after all the evidence had been introduced, to require him to elect on which offense charged in the first count of the indictment he would ask for a conviction.

[1] In felony cases, where several offences are charged in different counts of the same indictment, if the court sees that the charges are so distinct that to try them together would confuse the prisoner or distract the attention of the jury, it should require the Commonwealth's attorney to select which count he will try first. It is permissible, however, to charge a felony in different ways in several counts, for the purpose of meeting the evidence as it may come out on the trial.

[2] In cases of misdemeanor, the prosecutor is permitted to join and try several distinct offenses of the same nature in separate counts in the same indictment, without being required to elect on which charge he will proceed. *Dowdy* v. *Commonwealth*, 9 Gratt. (50 Va.) 727, 60 Am. Dec. 314; *Scott's Case*, 14 Gratt. (55 Va.) 687; *Mitchell's Case*, 93 Va. 777, 20 S. E. 892.

[3, 4] The Bill of Rights has guaranteed to every person accused of crime the right to demand the *cause and nature* of his offense, and this right cannot be denied to him in any trial for a penal offense. In *Pine* v. *Commonwealth*, 121 Va. 812, 93 S. E. 652, this court sanctioned a practice theretofore unknown in the Commonwealth of allowing the particulars of this "cause and nature" of his offense to be furnished by a bill of particulars, but carefully preserved to the accused the substance of his right. It must be furnished, upon demand, either by indictment, information, bill of particulars, or in some other approved method. The people in convention assembled have reserved this right to them-

selves.    The State intends that everyone accused of violating its laws shall have a fair and impartial trial, and to this end he shall be furnished with proper information of the "cause and nature" of the offense with which he is charged.

[5, 6] Except in cases arising under the prohibition law, the prosecutor cannot charge the accused with or convict him of more offenses than there are counts in the indictment.    Since this statute permits more than one offense to be charged in a single count, the defendant has the right, where the indictment is not sufficiently specific for the purpose, to demand a bill of particulars to apprise him of the cause and nature of his accusation.    *Pine* v. *Commonwealth, supra*; *Barker* v. *Commonwealth* (No. 71), 133 Va. 633, 112 S. E. 798.

Where the indictment, or any count therein, is in the statutory form authorized by section 7, *supra,* the court's refusal to require the Commonwealth's attorney, when demanded by the accused, to file such bill of particulars, stating for which one or more of the several offenses charged in such count he will prosecute, and to require his specifications contained therein to be as definite as a separate count would have to be for such an offense, is reversible error.

[7, 8] Having introduced evidence as to more than one offense named in such "omnibus count," the Commonwealth's attorney, at the conclusion of all the evidence in the case, cannot be required to elect upon which charge he will ask for a conviction.    The object of the legislature in adopting the form of the "omnibus indictment" was to enable the Commonwealth to prosecute for more than one offense under one count of the indictment, and the Commonwealth's attorney has the right to ask for a conviction upon each charge contained in his bill of particulars.    Where, however, he desires to

ask for a conviction upon more than one charge, it is. the duty of the court if requested to instruct the jury that they must consider the charges separately, and shall not convict the accused upon any charge, unless each juror is satisfied beyond a reasonable doubt that he is guilty of such charge. A failure to so instruct the jury, when requested by the accused, will constitute reversible error.

Nothing said in the case of *Spradlin* v. *City of Roanoke*, 134 Va. 600, 113 S. E. 732, was intended to be in conflict with the views herein expressed, since the warrant in that case was not in the form of the statutory indictment authorized by section 7 of the prohibition act; and the language quoted in that case from *Pine* v. *Commonwealth, supra*, had reference to a case where several distinct misdemeanors were charged in the same indictment, but not in the same count of the indictment. Nothing said in the *Pine Case, supra*, was intended to be in conflict with the views herein expressed.

The court did not err in refusing to require the Commonwealth's attorney to elect upon which charge he would ask for a conviction.

The next assignment relates to the granting of instructions Nos. 1, 2 and 3, on behalf of the Commonwealth, and the refusing of instructions 2, 3 and 4, requested by the accused. In view of the conclusions hereinafter reached, it is unnecessary to consider this assignment of error.

This brings us to the remaining assignment of error, that the court erred in refusing to set aside the verdict of the jury and grant the accused a new trial on the ground that the verdict is contrary to the law and the evidence.

The following are the material facts proved in the case: The accused, who resides in Chesterfield county,

near Petersburg, Va., once lived in North Carolina and was acquainted with Scott Newbert, of Roxboro, N. C., who, he says, owned the still in question. The accused saw Newbert in Petersburg about ten days prior to the day of his arrest, at which time Newbert told him he was operating a still near Lawrenceville and would have some cheap whiskey for sale in a few days. The accused made a trip to the still three days before the day of his arrest, but was not successful in securing the whiskey, and was told to return a few days later, and he could get plenty of whiskey. Accordingly, he again went to the still on November 7, 1921, to get whiskey, and upon his arrival was informed that there was only a small quantity of whiskey ready for immediate delivery; that they would complete a "run" in about fifteen minutes, and if he would wait he could get some whiskey. The accused drove his car into the woods about a hundred and fifty yards from the still, walked away a short distance and lay down on the ground to go to sleep, and while thus waiting was awakened by the discharge of fire-arms at the still, and suspected the same was being raided. He immediately got up and saw the raiding party leaving the still with several persons under arrest. He then walked in the direction of his car where he was met by a constable and placed under arrest. He admitted to the constable that he came there to buy some whiskey to sell, and that he was going to take the whiskey away from the still in the Big Six Studebaker car which he drove there, and which he admitted was his property. There were in the car twelve empty half-gallon fruit jars and a bag of red dog ship stuff which he also admitted was his property.

Two weeks before the date of the raid, the accused came to the home of Robert Wilkins, who lived on the same farm on which the still was located, and paid him

$10.00 to haul some lumber to the site of the still, and told Wilkins that he was going to "open up and transact some business there," that he had "transacted some business in other places," and that the man who reported him would have to leave the county.

The still, at the time of the raid, had been in operation about ten days or two weeks.   At the time the officers arrived it was in full operation, and of those present, two young white men and two negro men escaped. The two young white men were afterwards taken into custody and held for trial, while the absconding negroes were never captured.   The officers found about one gallon of whiskey at the still, and several tubs of mash and several bags of malt.

[9]  Whenever we ought to sustain a conviction if the offense were consummated, we ought to sustain a conviction for conduct, which, in law, amounts to an attempt to commit it.   *Collins* v. *City of Radford*, 134 Va. 518, 113 S. E. 735.

[10]  The court is unanimously of opinion, for reasons hereinafter to appear, that the evidence is insufficient to support the verdict of the jury finding the accused guilty of an *attempt to sell* ardent spirits; and three of the five members of the court are of opinion that the evidence is insufficient to convict him of an attempt to *transport*.   Ordinarily, we would not consider this assignment further, but inasmuch as the case may have to be tried again, we are requested by the parties to pass upon the sufficiency of the evidence to sustain a conviction of any charge of attempt for which the accused might be prosecuted under the indictment.

It is clear from the evidence that the accused had deliberately planned to violate the law by unlawfully transporting and selling ardent spirits.   While the overt acts done by him towards the accomplishment of a *sale*

of ardent spirits may be said to be mere acts of preparation which did not reach far enough towards the accomplishment of the desired result to amount to the commencement of the consummation of the sale, I am of opinion that the acts done, combined with his intent, did, in law, amount to an attempt to unlawfully transport ardent spirits.

[11] An attempt to commit a crime is composed of two elements:

(1)  The intent to commit it; and

(2)  A direct, ineffectual act done towards its commission.

The act must reach far enough towards the accomplishment of the desired result to amount to the commencement of the consummation.  *Hicks* v. *Commonwealth*, 86 Va. 226, 9 S. E. 1024, 19 Am. St. Rep. 891; *Thacker* v. *Commonwealth*, 131 Va. 707, 108 S. E. 559.

The intent to transport is admitted, and it is clear, I think, that the overt acts by the accused towards the commission of the offense of unlawfully transporting ardent spirits are sufficient to meet the requirements of the law in such cases.

The accused left his home in his car, taking with him the empty jars in which the whiskey was to be placed for transportation, traveled thirty or forty miles to the still and there endeavored to purchase the whiskey which he had been promised he could get upon his arrival, for the purpose of taking it away in the car.    If the supply, upon his arrival, had been sufficient to fill his order, it is evident that he would have consummated the crime of unlawfully transporting whiskey before the arrival of the officers.    He did everything necessary to be done by him to constitute the substantive offense, except put the whiskey into the jars, the jars into the car and start the car on the return trip; and the doing of

these was prevented by circumstances over which he had no control.

In *Lynch* v. *Commonwealth*, 131 Va. 769, 109 S. E. 418, quoting from Wharton's Criminal Law, section 181, the court said: "To make the act an indictable attempt, it must be a cause, as distinguished from a condition. And it must go so far that it must result in the crime, unless *frustrated by extraneous circumstances.*" (Italics ours.)

In the instant case, it is clear that the completion of the crime was frustrated by extraneous circumstances, in that the raid prevented the accused from actually buying and transporting the whiskey.

Under the subject of "Attempts," in 16 C. J., at page 117, we find this: "An apparent possibility is all that is required; if there is an apparent ability to commit the crime in the way of attempting, the attempt is indictable, although, unknown to the person making the attempt, the crime cannot be committed because the means employed are in fact unsuitable, or because of extrinsic facts, such as the non-existence of some essential object."

In Bishop's Criminal Law (7th ed.), section 742, the law is stated thus: "In reason, the rule is that if there is an intent to do what in law constitutes a substantive crime, and the person intending such crime proceeds in its commission till interrupted by some unforeseen impediment or lack, outside of himself, special to the particular case, and not open to observation, he commits the indictable attempt."

And this rule is supported by the better considered decisions in America. In *Commonwealth* v. *McDonald,* 5 Cush. (Mass.) 365, it was held that a person "may make an attempt, an experiment to pick a pocket, by thrusting his hand into a pocket, and not succeed, be-

cause there happens to be nothing in the pocket, still he has clearly made the attempt and done the act towards the commission of the offense."

In *People* v. *Jones,* 46 Mich. 441, 9 N. W. 486, the accused thrust his hand into the outside cloak pocket of a woman but there was nothing in the pocket. It was held that the defendant was properly convicted of the crime of attempting to commit larceny.

In a note to the case of *People* v. *Moran,* 123 N. Y. 254, 25 N. E. 412, 20 Am. St. Rep. 732, the annotator says: "It is a general rule that where an intended criminal result is not accomplished simply because of an obstruction in the way, or because of the want of the thing to be operated upon when the impediment is of a nature to be unknown to the defendant, who used what seemed to be appropriate means, the criminal attempt is committed."

In 8 R. C. L., section 298, it is said: "All the authorities hold that in order to constitute an attempt, the act attempted must be a possibility. But this rule of the law applies only to a case where it is inherently impossible to commit the crime. It has no application to a case where it becomes impossible for the crime to become possible either by outside interference or because of miscalculation as to the proposed opportunity to commit the crime, which fails to materialize; in short, it has no application to the case when the impossibility grows out of extraneous facts not within the control of the party."

In the case of *Collins* v. *Commonwealth, supra,* the evidence showed that Collins had purchased a gallon of whiskey from a bootlegger and arranged with him to place it in a haystack for him. It was so placed, but prior to his going to the haystack for the whiskey, the owner of the haystack found and removed it. Collins

went to the haystack to get the whiskey and carry it away, but on putting his hand into the stack for the whiskey, for the reason stated, could not find it. He was arrested while in the act of reaching for the whiskey. The judgment of the lower court, convicting him of an attempt to transport whiskey, was affirmed by this court.

As above stated, however, three of the five members of the court are of the opinion that the evidence is not sufficient to sustain a conviction for unlawfully attempting to transport whiskey.

For the foregoing reasons, the court is of the opinion that the verdict of the jury convicting the accused of an attempt to sell whiskey is without evidence to support it; and that the evidence is not sufficient to sustain a conviction for attempting to transport whiskey. The verdict of the jury and the judgment of the court will be set aside, and a new trial awarded, to be had not in conflict with the views herein expressed, if the Commonwealth shall be so advised.

*Reversed.*