# Staunton.

## JAMES GIMMELL v. COMMONWEALTH.

### September 23, 1926.

1. CONTINUANCE—*Discretion of Court.*—The question of a continuance is addressed to the sound judicial discretion of the trial court, and its ruling will not be disturbed unless it appears that such discretion has been abused and that the ruling is plainly wrong.

2. CONTINUANCE—*Opportunity to Summon Witnesses—Diligence—Case at Bar.*—In the instant case, accused was convicted of a violation of the prohibition law, and assigned the refusal of the court to grant him a continuance, on the ground that he had no opportunity to summon witnesses by whom he could have proved that the still in question was not his property nor on his land, as error. These witnesses could have been served with process in time to insure their presence at the trial, if due diligence had been exercised by the accused or his counsel. No request for subpoenas for the witnesses was made, nor was any other step taken to secure their attendance. No evidence was offered to show that the same facts could not be proved by some other person present at the trial.

   *Held:* That the court did not abuse its discretion in refusing a continuance.

3. INTOXICATING LIQUORS—*Ardent Spirits—Distilled Ardent Spirits—Two Counts in the Indictment—Instructions—Case at Bar.*—In the instant case, a prosecution for violation of the prohibition law, the indictment contained two counts, the first charging that the accused "did unlawfully and feloniously manufacture and distill ardent spirits," and the second is in the blanket form. Under sections 3 and 5 of the prohibition act of 1924, it is a misdemeanor only to unlawfully manufacture ardent spirits, and a felony to manufacture distilled ardent spirits. The court instructed the jury that if they believed that defendant was "engaged in the manufacture of ardent spirits" they should fix his punishment at confinement in the penitentiary for not less than one nor more than five years or in jail not less than six nor more than twelve months. This was the punishment for manufacturing "distilled ardent spirits."

   *Held:* That the jury should have been instructed as to the proper punishment, in case of conviction, under each count of the indictment, but while the instruction was error, it was harmless, as all the evi-

dence introduced tended to prove that the accused was engaged in the manufacture of "distilled ardent spirits."

4.  CRIMINAL LAW—*Right of Accused to Know Cause and Nature of the Offense Charged—Bill of Particulars—Omnibus Indictment Under the Prohibition Act.*—A person charged with crime has a right to know with reasonable certainty the cause and nature of the offense for which he is to be tried. If the indictment does not so inform him, this information must be furnished by a bill of particulars, or some other approved method. The statutory blanket form of indictment under the prohibition law is, in many cases, inadequate in this respect, and the accused, upon his request, is entitled to a bill of particulars of the charges upon which he is to be tried. .

5.  INTOXICATING LIQUOR—*Bill of Particulars—Harmless · Error—Case at Bar.*—In the instant case, a prosecution for violation of the prohibition law, the indictment contained two counts, the first charged that the accused "did unlawfully and feloniously manufacture and distill ardent spirits" and the second was the blanket form. Accused asked for a bill of particulars which was refused. No evidence was offered on behalf of the Commonwealth to establish the charge contained in the second count of the indictment, the omnibus count.

    *Held:* That the failure to require the bill of particulars was harmless error.

6.  INTOXICATING LIQUOR—*Manufacture—Evidence Held Sufficient to Support Conviction.*—In the instant case officers found mash in process of fermentation under some brush about 100 yards from accused's residence. They also saw a man going from the location of the mash along a path towards accused's dwelling. On return the next morning they found a still and other appliances in the brush right by the mash. Upon searching the accused's premises they found whiskey containers and hot mash and a sheet of copper from which the cap of the still had been cut, and other appliances for the manufacture of liquor. The still was located in plain view of accused's front door on a path leading towards accused's house. Accused denied that he owned, operated or knew anything of the still.

    *Held:* That there was sufficient evidence to support a verdict of guilty.

Error to a judgment of the Circuit Court of Roanoke county.

*Affirmed.*

The opinion states the case.

*John G. Challice,* for the plaintiff in error.

*John R. Saunders, Attorney General, Leon M. Bazile* and *Lewis H. Machen, Assistant Attorneys General,* for the Commonwealth.

WEST, J., delivered the opinion of the court.

James Gimmell was convicted of violating the prohibition law and sentenced to confinement in jail for six months and to pay a fine of $150.

The indictment contains two counts. The first charges that the accused "did unlawfully and feloniously manufacture and distill ardent spirits," and the second is in the blanket form provided by the statute.

The accused assigns as error the action of the court in (1) refusing to grant a continuance; (2) overruling a general demurrer to the indictment; (3) refusing to require the attorney for the Commonwealth to furnish a bill of particulars; (4) giving instruction No. 1; (5) refusing to set aside the verdict as contrary to the law and the evidence; and (6) refusing to give instruction No. 4 as offered and giving it as modified by the court.

The accused was arrested December 23, 1924, indicted January 1, 1925, and tried January 2, 1925. He did not employ counsel until January 1, 1925.

The accused complains of the court's refusal to continue his case until the next term, on the ground that he had not had an opportunity to summon witnesses for his defense, by whom he claims he could "prove that the still in question was not his property and was not on his land." These witnesses lived only fourteen miles from the courthouse, and if due diligence had been exercised by the accused, or his counsel, they could have been served with process in time to insure

their presence at the trial.   No request for subpoenas for the witnesses was made, nor was any other step taken to secure their attendance.   Besides no evidence was offered to show that the same facts could not be proved by some other person who was present at the trial.

[1, 2] The question of a continuance is addressed to the sound judicial discretion of the trial court, and its rulings will not be disturbed unless it appears that such discretion has been abused and that the ruling is plainly wrong.   *Lufty* v. *Commonwealth*, 126 Va. 707, 100 S. E. 829; *Wallen* v. *Commonwealth*, 134 Va. 773, 114 S. E. 786; *Cottrell* v. *Commonwealth*, 134 Va. 554, 113 S. E. 728; *Barrack* v. *Commonwealth*, 142 Va. 596, 128 S. E. 638; *Thompson's Case*, 131 Va. 847, 109 S. E. 447.   Under the facts disclosed by the record, we are unable to say the court has abused its discretion in the premises.

The accused abandoned the second assignment of error at the bar of this court.

[3] Instruction No. 1 reads as follows:   "The court instructs the jury that if they believe from the evidence, beyond all reasonable doubt, that the defendant was engaged in the manufacture of ardent spirits, or aiding in, or attempting to manufacture ardent spirits, they shall find the defendant guilty and fix his punishment at confinement in the penitentiary for not less than one nor more than five years, or in the discretion of the jury, by confinement in jail for not less than six nor more than twelve months and a fine not exceeding five hundred dollars."

Under sections 3 and 5 of the prohibition act of 1924 (Acts 1924, c. 407) it is a misdemeanor only to unlawfully manufacture ardent spirits, and a felony to manufacture *distilled* ardent spirits.   The second count of

the indictment does not charge the manufacture of *distilled* ardent spirits.   The instruction was erroneous in that it told the jury that if they found the defendant was "engaged in the manufacture of *ardent spirits*," they should fix his punishment at confinement in the penitentiary for not less than one nor more than five years, or in their discretion by confinement in jail for not less than six nor more than twelve months and a fine not exceeding five hundred dollars.   This was the punishment only where the accused was guilty of manufacturing distilled ardent spirits, the punishment for manufacturing ardent spirits (not distilled) being a fine of not less than $50 nor more than $500 and confinement in jail not less than one nor more than six months.   The jury should have been instructed as to the proper punishment, in case of a conviction, under each count of the indictment.

While the granting of the instruction was error, it was not prejudicial for the reason that all the evidence introduced on behalf of the Commonwealth tended to prove that the accused was engaged in the manufacture of *distilled* ardent spirits.

We find no error in the action of the court in giving instruction No. 4 as amended.

The third assignment of error relates to the bill of particulars.

[4, 5] A person charged with crime has a right to know with reasonable certainty the cause and nature of the offense for which he is to be tried.   If the indictment does not so inform him, this information must be furnished him by a bill of particulars, or some other approved method.   The statutory blanket form of indictment is, in many cases, inadequate in this respect, and the accused, upon his request, is entitled to a bill of particulars of the charges upon which he is to

be tried. *Pine* v. *Commonwealth,* 121 Va. 812, 93 S. E. 652; *Barker* v. *Commonwealth* (No. 71), 133 Va. 633, 112 S. E. 798; *Andrews* v. *Commonwealth,* 135 Va. 455, 115 S. E. 558; *Webster* v. *Commonwealth,* 141 Va. 589, 127 S. E. 377.

In *Andrews* v. *Commonwealth, supra,* the court said: "Where the indictment, or any count therein, is in the statutory form authorized by section 7 (now section 42), *supra,* the court's refusal to require the Commonwealth's attorney, when demanded by the accused, to file such bill of particulars, stating for which one or more of the several offenses charged in such count he will prosecute, and to require his specifications contained therein to be as definite as a separate count would have to be for such an offense, is reversible error."

The failure to require the bill of particulars in the instant case was harmless error for the reason that no evidence was offered on behalf of the Commonwealth to establish the charge contained in the second count of the indictment.

[6] The remaining assignment of error is that the verdict is contrary to the law and the evidence.

It appears from the evidence of three deputy sheriffs that on December 22, 1924, they found under some cut brush in a hollow about one hundred yards from the accused's residence five barrels of mash in process of fermentation, which had been recently stirred. They also saw a man going from the location of the mash along a path towards and into Gimmell's dwelling house. They returned early next morning and found a still, still cap, worm and still furnace under cut brush "right by" the five barrels of mash. Upon searching the accused's house and premises they found in his kitchen ten or twelve whiskey containers and a keg

containing ten or fifteen gallons of hot mash which is used to pour into barrels of mash to keep it working in cold weather. In an outhouse they found a large piece of sheet copper from which the cap of the still had been cut, three or four rubber siphon tubes, a copper still arm which fitted the still cap, one small copper home-made funnel, and a thump keg which is used in distilling whiskey. The still was located in plain view of Gimmell's front door, on a "slick" path which led towards Gimmell's house and into a main path which passed by his door, a few steps from his house.

The accused, testifying in his own behalf, denied that he owned or operated the still, or knew anything of its existence. He admits, however, that on the day he was arrested he was making some "old setting hen," from oranges, raisins and meal.

There is enough evidence to support the verdict, and the judgment will be affirmed.

*Affirmed.*