## Staunton.

## BERT RINER v. COMMONWEALTH.

September 23, 1926.

Absent, Burks, J.

1. INTOXICATING LIQUORS—*Indictment—Omnibus Count, Offense not Within the Omnibus Count—Demurrer—Case at Bar.*—The indictment, in the instant case, was intended to conform to the "Omnibus count" as prescribed by section 7 of the Acts of 1918, ch. 388, but embraced an offense not specified in the form relied on, viz, "did possess."

   *Held:* That while contrary to good pleading the language "did possess" would be treated as surplusage and did not render the indictment demurrable.

2. INDICTMENT AND INFORMATION—*Joinder of Offenses in the Same Indictment—Misdemeanors—Intoxicating Liquors.*—It has been held in Virginia that several misdemeanors of the same nature, and upon which the same or similar judgments may be rendered, may be united in the same indictment under separate counts. This rule, however, has been modified by statute, so far as the prohibition law is concerned, by the enactment of section 7 of the prohibition act (now section 42, Acts 1926), which permits the joinder of several offenses in the same count of an indictment. But this modification does not abrogate the doctrine that the misdemeanor must be of the same nature and upon which the same or similar judgments may be rendered.

3. INTOXICATING LIQUORS—*Omnibus Count—Offenses Enumerated.*—The use of the omnibus count as it is commonly called of Acts of 1918, ch. 388, section 7, is limited by its provisions to the offenses enumerated, to-wit, the offenses designated in sections 3, 4 and 5 of the prohibition law, and specifically referred to in section 7.

4. INTOXICATING LIQUORS—*Sentence and Punishment—Prohibition Act of 1918, Section 5—Code of 1919, Section 4782.*—Prohibition act of 1918, section 5, provides that any person who shall violate any of its provisions shall be deemed guilty of a misdemeanor and be fined not less than $50.00 nor more than $500.00 and be confined in jail not less than one nor more than six months. Section 17 of the act of 1918, declares that possession by one, at a place not his home, of ardent spirits shall be a misdemeanor but does not specify the punishment.

*Held:* That punishment of one for possession at a place not his home is that prescribed by section 5 of the prohibition act of 1918 and not that prescribed by Code of 1919, section 4782, prescribing the punishment for a misdemeanor for which no punishment or no maximum punishment is prescribed by statute.

5. INTOXICATING LIQUORS—*Sentence and Punishment—Acts of 1919.*—It is evident that all violations of the prohibition act of 1918, for which no specific punishment is prescribed by the act, are punishable in accordance with section 5 of the act, and that there never was any legislative intent to make them punishable under section 4782 of the Code. The term misdemeanor as used in section 17 of the act of 1918 was only to distinguish certain offenses from other offenses referred to in the same section as felonies.

6. BILL OF PARTICULARS—*Criminal Cases—Duty of the Court.*—It is the duty of the trial court to compel the attorney for the Commonwealth, when demanded by the accused, to file such bill of particulars as will apprise him of "the cause and nature of his accusation."

7. BILL OF PARTICULARS—*Sufficiency.*—Every one accused of crime is entitled to have stated in plain and unequivocal terms the offense for which he is to be prosecuted. This much will be required even in a civil case. The State has no desire to leave one of its citizens in doubt or uncertainty as to any offenses charged against him. Prosecuting attorneys know, or ought to know, in advance, what they can prove, and ordinary justice demands that they should give the accused a fair statement of the offense for which he is to be prosecuted.

8. INTOXICATING LIQUORS—*Bill of Particulars—Omnibus Count Containing Offenses not Within the Omnibus Count as Prescribed by Section 7 of the Acts of 1918, Chapter 388—Bill of Particulars Stating Offense not Embraced in the Indictment.*—In the instant case the indictment was intended to conform to the omnibus count as prescribed by section 7 of chapter 388 of the Acts of 1918 but embraced an offense not specified in the form relied on, viz., "did possess." Defendants demurred and when the demurrer was overruled pleaded not guilty and demanded a bill of particulars. The same was furnished and was as follows: "That defendant unlawfully had in possession ardent spirits."

*Held:* That as the word "possess" in the indictment must be treated as surplusage this destroyed the bill of particulars. The attempt to amend the indictment by the bill of particulars was error as the bill of particulars stated an offense not embraced in the indictment.

9. INDICTMENT, INFORMATION AND PRESENTMENT—*Amendment of an Indictment for Misdemeanor Changing Nature of the Offense.*—While under the provisions of section 4876 of the Code, an amendment to an indictment for a misdemeanor is permissible, it is expressly provided in this section that the amendment must not change the nature of the offense.

Error to a judgment of the Circuit Court of Scott county.

*Reversed.*

The opinion states the case.

*W. S. Cox*, for the plaintiff in error.

*John R. Saunders, Attorney General, Leon M. Bazile* and *Lewis H. Machen, Assistant Attorneys General,* for the Commonwealth.

CAMPBELL, J., delivered the opinion of the court.

The defendant, Bert Riner, was tried and convicted upon an indictment charging a violation of the prohibition law.

[1, 2, 3] The indictment charged the offense in the following language: "* * did unlawfully manufacture, sell, offer, keep, *possess,* store and expose for sale, give away, transport, dispense and solicit ardent spirits against the peace and dignity of the Commonwealth."

The defendant submitted three grounds of demurrer to the indictment, which are as follows:

"(1) The indictment contains several offenses in one count.

"(2) The indictment is not in the form prescribed by paragraph 7 of the law then in force.

"(3) It contains an offense, viz, possession, which does not carry with it the same punishment as the offenses mentioned in the form prescribed in section 7."

The court overruled the demurrer, whereupon the defendant pleaded not guilty and demanded a bill of particulars. The same was furnished and was as follows: "That defendant unlawfully had in possession ardent spirits."

An objection was made to the sufficiency of the bill of particulars but was overruled and defendant was put on trial on the charge alleged.

[4, 5] The indictment in this case was intended to conform to the "omnibus count" as prescribed by section 7 of the law of 1918, but embraces an offense not specified in the form relied on, viz, "did possess." This offense, if such it be, is made so by the provisions of section 17 of the prohibition law then in force, which are as follows: "It shall be unlawful to deliver to, receive in, keep, store, dispense or offer for sale, give away or use, or *have in possession* ardent spirits in any place, except as provided in this act." (Italics added.)

In *Mitchell's Case*, 93 Va. 775, 20 S. E. 892, it is held that several misdemeanors of the same nature, and upon which the same or similar judgments may be rendered, may be united in the same indictment under separate counts. To the same effect is the holding in *Hatcher & Shaw* v. *Commonwealth*, 106 Va. 827, 55 S. E. 677. This rule, however, has been modified by statute, so far as the prohibition law is concerned, by the enactment of section 7 (now section 42, Acts 1926), which permits the joinder of several offenses in the same count of an indictment. But this modification does not abrogate the doctrine laid down in *Mitchell's Case, supra*. The use of the "omnibus count," as it is commonly called, is limited by its provisions to the offenses enumerated, to-wit, the offenses designated in sections 3, 4 and 5 of the prohibition law, and specifically referred to in section 7. The form of the indictment prescribed by this section, leaving off the formal parts, reads as follows: "* * did unlawfully manufacture, sell, keep, store and expose for sale, give away, transport, dispense, solicit, advertise and receive orders for ardent spirits, against the peace and dignity of the Commonwealth of Virginia."

The offense (if such it be) for which the accused was convicted is described in the indictment thus:  "*    *    :·. did possess ardent spirits," etc.   As stated, *supra*, this alleged offense is not embraced in any of the designated sections, to-wit, sections 3, 4 and 5.   While contrary to good pleading, as the language "did possess" will be treated as surplusage, it did not render the indictment demurrable.   There are other offenses charged in the indictment which are embraced in section 7 and not subject to demurrer.

There is no merit in the first and second grounds of demurrer.

(3) This ground of demurrer is ruled by the decision in *Messer* v. *Commonwealth*, No. 1 *ante*, p, 838, 133 S. E. 761.

In order to preserve the continuity of the decisions upon the question, we quote from the opinion of Judge Chichester, as follows:  "The defendant contends that the offense charged is punishable under the general law prescribing punishment for misdemeanors, for which no punishment is prescribed—that is, section 4782 of the Code, 1919, which declares:  'A misdemeanor, for which no punishment or no maximum punishment is prescribed by statute, shall be punished by fine not exceeding five hundred dollars or confinement in jail not exceeding twelve months, or both, in the discretion of the jury or of the justice, or of the court trying the case without a jury.'

"The defendant was indicted under section 17 of the prohibition act of 1918.   That section declares:

" 'It shall be unlawful to deliver to, receive in, keep, store, dispense, sell or offer for sale, give away or use, or have in possession, ardent spirits in any place, except as provided in this act.

" 'It shall be unlawful to deliver to, receive in, keep,

store, dispense, sell or offer for sale, give away or use, or have in possession ardent spirits in a place reputed to be a house of prostitution, whether said house be a *bona fide* home or not.

" 'Any violation of this section shall be a misdemeanor; any subsequent violation of, delivering to, receiving in, keeping, storing, dispensing, selling, offering . for sale, giving away, using or having ardent spirits in possession in a place reputed to be a house of prostitution shall be deemed a felony.' (Acts 1918, p. 592.)

"It will be noted that no punishment is prescribed by this section of the act for the acts denounced by the statute, but having in possession (with which we are concerned) is declared to be a misdemeanor. Hence, it is argued that the general statute, section 4782 of the Code, applies.

"But section 5 of the prohibition act itself provides (p. 579): Any person who shall violate any of the provisions of this act shall, except as herein otherwise provided, be deemed guilty of a misdemeanor, and be fined not less than fifty dollars nor more than five hundred dollars, and be confined in jail not less than one nor more than six months. The penalty for any subsequent offense committed after the first conviction, which is not declared a felony by this act, shall be a fine of not less than one hundred dollars, nor more than five thousand dollars, and imprisonment in jail for not less than six months, nor more than one year. Whenever in this act, the violation of any provision is declared a felony, the person convicted of such violation shall be punished by confinement in the pentitentiary for not less than one, nor more than five years, or, in the discretion of the jury, by confinement in jail of not less than six months nor more than twelve

months, and by a fine not exceeding five hundred dollars; but where, upon the trial of any charge of a violation of this act, it shall appear to the court trying the case that there has been no intentional violation of any provision thereof, but an unintentional or inadvertent violation thereof, then such court shall instruct the jury that they cannot impose a jail sentence.

"It is evident from a consideration of these sections that all violations of the act, for which no specific punishment is prescribed by the act, are punishable in accordance with section 5, and that there never was any legislative intent to make them punishable under section 4782 of the Code."

The assignment of error that the court erred in overruling the exceptions to the sufficiency of the bill of particulars is, in our opinion, well founded.

[6] It has been repeatedly held by the appellate court that it is the duty of the trial court to compel the attorney for the Commonwealth, when demanded by the accused, to file such bill of particulars as will apprise him of "the cause and nature of his accusation."

[7] In *Webster's Case*, 141 Va. 589, 127 S. E. 377, it is said: "We do not undertake to decide what was necessary to be stated in the bill of particulars in all cases further than to say that every one accused of crime is entitled to have stated in plain and unequivocal terms the offense for which he is to be prosecuted. This much will be required even in a civil case. The State has no desire to leave one of its citizens in doubt or uncertainty as to any offenses charged against him. Prosecuting attorneys know, or ought to know, in advance, what they can prove, and ordinary justice demands that they should give the accused a fair

statement of the offense for which he is to be prosecuted." *Pine's Case,* 121 Va. 812, 93 S. E. 652; *Barker's Case,* 133 Va. 633, 112 S. E. 798; *Andrews' Case,* 135 Va. 455, 115 S. E. 558; *Gimmell's Case, ante,* p. 865, 134 S. E. 699.

[8, 9] When we treat the word "possess" as surplusage, it destroys the bill of particulars furnished by the Commonwealth. While under the provisions of section 4876 of the Code, an amendment to an indictment for a misdemeanor is permissible, it is expressly provided in this section that the amendment must not change the nature of the offense. This the bill of particulars attempts to do. Therefore, the attempt to amend the indictment by the bill of particulars was error, as the bill of particulars stated an offense not embraced in the indictment.

The last assignment of error relates to the sufficiency of the evidence. As the case will have to be reversed, for the reasons stated, it is unnecessary to discuss this assignment.

The judgment complained of will be reversed, the verdict of the jury set aside, and the cause remanded for a new trial, with leave to file a new bill of particulars if the Commonwealth be so advised.

*Reversed.*